## FRY v. DENVER & R. G. R. CO.

(District Court, N. D. California, Second Division. October 11, 1915.)

No. 15,879.

1. COURTS ☞14—NONRESIDENTS—FOREIGN CORPORATIONS—JURISDICTION..

The courts of a state cannot acquire jurisdiction over a foreign corporation in an action by a nonresident, though the corporation is doing business in the state, unless the action arises out of the business so done in the state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 39; Dec. Dig. ☞ 14.]

2. PLEADING ☞193—DEMURRER—GROUNDS OF DEMURRER—LACK OF JURISDICTION.

Code Civ. Proc. Cal. § 430, provides that the defendant may demur when it appears upon the face of the complaint that the court has no jurisdiction of the person of the defendant or the subject of the action, or if the other defects therein specified so appear. *Held*, that the objection,,apparent on the face of the complaint, that an action by a nonresident against a foreign corporation did not arise from the business done by such corporation in the state, could be raised by demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 425, 428-435, 437, 443; Dec. Dig. ☞193.]

3. COURTS ☞37—JURISDICTION—WAIVER OF OBJECTIONS.

Such objection was not waived by also demurring on other grounds, which invoked the exercise of jurisdiction; no other mode being provided for raising such objections, and the Code not contemplating the dividing up of grounds of demurrer, but requiring that the several grounds relied on must all be stated in the same pleading.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 147-149, 151, 156; Dec. Dig. ☞37.]

At Law. Action by Elizabeth Fry against the Denver & Rio Grande Railroad Company. On demurrer to the complaint. Demurrer sustained.

Sullivan & Sullivan and Theo. J. Roche, of San Francisco, Cal., for plaintiff.

Charles W. Slack, of San Francisco, Cal., for defendant.

VAN FLEET, District Judge. [1] The action was commenced in a state court against the defendant, sued as a Colorado corporation, to recover damages for personal injuries alleged to have been suffered by plaintiff at Pueblo, Colo., while a passenger on defendant's railroad, through the defendant's negligence; it being alleged as a basis of maintaining the action in this state that, at the date of the injury, the defendant was and now is "doing business" therein. The defendant removed the cause to this court for diversity of citizenship, and has now interposed a demurrer challenging the jurisdiction of the court; the objection being that the complaint does not state facts constituting a cause of action as to which the defendant is required to answer in the courts of this state.

The objection gives rise to the question whether an action, although transitory in character, may, against the objection of the defendant,

be maintained in the courts of a state other than that in which the cause of action arose or the defendant resides, against a corporation nonresident of the state where sued, notwithstanding it may be doing business therein, unless it appear that the cause of action counted upon arises out of the business there done; the contention of the defendant being that, unless it appear that the action arises out of a transaction had in the state wherein suit is brought, the complaint fails to disclose a cause of action wherein the court is clothed with jurisdiction of the person of the defendant. It will be observed that not only is there here a failure to allege that the cause of action was in respect of the business done by the defendant in this state; but it sufficiently appears, perhaps, that it could not have so arisen, since the cause of action sounding in tort would necessarily have its origin in the state wherein the tortious act was committed. In support of its objection, defendant relies on the case of Old Wayne Life Ass'n v. McDonough, 204 U. S. 8, 27 Sup. Ct. 236, 51 L. Ed. 345; and the more recent case of Simon v. Southern Ry. Co., 236 U. S. 115, 35 Sup. Ct. 255, 59 L. Ed. 492 (decided January 25, 1915).

Both cases present instances like the present of attempts to secure jurisdiction of a nonresident corporation on a cause of action arising in a state other than that in which the action was brought, by service of process under state statutes similar to that of this state providing for service upon nonresident corporations doing business in the state. In both cases, judgment was obtained by default, but in each instance, when eventually coming for review to the Supreme Court of the United States, the judgment was held nugatory and void upon the ground, in substance, that, while every state has, within certain limitations, the right to provide for service of process upon foreign corporations doing business therein, and may prescribe, in default of the naming by the corporation of an agent on whom service may be made, that the same shall be had on some officer of the state, this power is limited to instances where the action is based upon transactions had or business done within the jurisdiction of the state wherein the service is had. "Otherwise," as put in the Simon Case, "claims on contracts, wherever made, and suits for torts, wherever committed, might, by virtue of such compulsory statute, be drawn to the jurisdiction of any state in which the foreign corporation might at any time be carrying on business." And it is held that such process in an action based upon a transaction not arising within the state is ineffectual to confer jurisdiction of the person of the defendant or constitute that due process of law essential as the foundation of every valid judgment.

It is true, as suggested by plaintiff, that the court in those cases was considering primarily the sufficiency of the process to subject the defendant to the local jurisdiction; but the reasoning upon which the court proceeds indicates clearly, I think, that jurisdiction of the person of the defendant should be made to appear by proper averment. In the Old Wayne Case, it is said:

"Conceding, then, that by going into Pennsylvania, without first complying with its statute, the defendant association may be held to have assented to the service upon the insurance commissioner of process in a suit brought against

it there in respect of business transacted by it in that commonwealth, such assent cannot properly be implied where it affirmatively appears, as it does here, that the business was not transacted in Pennsylvania. * * * While the highest considerations of public policy demand that an insurance corporation, entering a state in defiance of a statute which lawfully prescribes the terms upon which it may exert its powers there, should be held to have assented to such terms as to business transacted by it, it would be going very far to imply * * * such assent as to business transacted in another state, although citizens of the former state may be interested in such business."

And the court conclude:

"As the suit in the Pennsylvania court was upon a contract executed in Indiana, as the personal judgment in that court against the Indiana corporation was only upon notice to the insurance commissioner, without legal notice to the defendant association and without its having appeared in person, or by attorney or by agent in the suit, and as the act of the Pennsylvania court in rendering the judgment must be deemed that of the state within the meaning of the fourteenth amendment, we hold that the judgment in Pennsylvania was not entitled to the faith and credit which by the Constitution is required to be given to the public acts, records, and judicial proceedings of the several states, and was void as wanting in due process of law."

While, as indicated, service of process in that case was had upon a designated official of the state, and not an agent of the corporation, the language employed by the court is, as suggested by counsel for defendant, obviously as applicable to the latter case as to the former, since manifestly, under the principles announced by the court, the basis of all process on a foreign corporation is its actual or implied assent, by entering the state and doing business there, to its being served in accordance with the statute of the state, whether such service be had on an officer of the state or an agent of the corporation. In either case, such assent without the voluntary appearance of the defendant may only be implied as to process in actions founded on contracts originating within the state of service.

Again, in the Simon Case, which, like the present, was an action for personal injuries, referring to what had been decided by it in the Old Wayne Case, it is said:

"From the principle announced in that case it follows that service under the Louisiana statute would not be effective to give the district court of New Orleans jurisdiction over defendant as to a cause of action arising in the state of Alabama. The service on the Southern Railway, even if in compliance with the requirements of Act No. 54, was not that kind of process, which could give the court jurisdiction over the person of the defendant for a cause of action arising in Alabama. As the company made no appearance, the default judgment was void. Being void, the person acquired no rights thereby, and could be enjoined by a federal court from attempting to enforce what is a judgment in name, but a nullity in fact."

The effect of these principles is that it is not enough in such a case that the foreign corporation be doing business in the state where sued, but it must appear that the cause of action arose from the business there done. This requisite is thus made a fact essential to confer jurisdiction of the defendant; and manifestly what must be proved in the way of substantive fact must be alleged. Southern Pac. R. Co. v. Goodrich (C. C.) 57 Fed. 879, 882.

[2] It is urged, however, that the objection is not one to be taken advantage of by demurrer, but by a motion to quash. But where the

defect, as here, appears on the face of the complaint, demurrer is not only the proper, but the essential mode of invoking it. C. C. P. § 430. It is quite true, as suggested, that we are not dealing with the general jurisdiction of the court, since there is no question that, by reason of diversity of citizenship and the character of the action, this court has jurisdiction of the controversy. But we are dealing with an element of jurisdiction, nevertheless, quite as essential to the power of the court in a particular case—jurisdiction of the person of the defendant. Nor does it matter that the objection is one in the nature of a personal privilege which the defendant may waive by voluntary appearance to the merits. In re Moore, 209 U. S. 490, 28 Sup. Ct. 706, 52 L. Ed. 904, 14 Ann. Cas. 1164. It has not waived it, and is, as we have seen, privileged to raise it by demurrer.

[3] It is urged that the defendant should be held to have waived its objection by coupling with it other grounds of demurrer invoking the exercise of jurisdiction, within the principles of Western Loan Co. v. Butte, etc., Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101. The Code of Civil Procedure (section 430) provides various grounds of objection to a complaint, which must, by express requirement, be taken, if at all, by demurrer, where they appear on the face of the pleadings. The first is, "that the court has no jurisdiction of the person of the defendant or subject of the action," followed by others going to both substance and form. No other mode is provided for raising these objections. The defendant's demurrer, conforming to those requirements, opens with the objection to the jurisdiction, and then, in order, doubtless, that they may not be waived should this objection fail, includes others. It would be a harsh rule under such a procedure to hold that, where a party desires to raise the objection of want of jurisdiction, he must, to avoid being held to have made a general appearance, take the hazard of the sufficiency of that objection by waiving all others; for the Code does not contemplate dividing up the grounds of demurrer piecemeal. The several grounds relied on must all be stated in the same pleading. There is no provision to be found in the statutes of this state similar to section 1820 of the Montana Code, involved in the Western Loan Co. Case, and I do not think, therefore, that the same rule of waiver can justly obtain against the defendant as was there invoked. York Co. Bank v. Abbot (C. C.) 139 Fed. 988.

For these reasons, the demurrer to the complaint will be sustained.