MAUSER et al. v. UNION PAC. R. CO.

(District Court, S. D. California, S. D. June 25, 1917.)

No. 532.

1. COURTS ⬅➡7—JURISDICTION—TRANSITORY ACTIONS.

A transitory action follows the person, and may be brought wherever defendant can be found, whether it is an action ex delicto or ex contractu.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 14, 16, 22–31.]

2. CORPORATIONS ⬅➡668(5)—RAILROADS ⬅➡33(1)—FOREIGN CORPORATIONS—DOING BUSINESS—SERVICE OF PROCESS.

A railroad, though having no line of railroad in California, had four or five offices where passenger and freight business was solicited, and employed a great many servants, having from 15 to 20 in one of its offices. D. had supervision of one of its ticket offices, in which from 2,000 to 2,500 tickets a year were sold, and had charge of all employés and superintended their work. Its receipts from business secured in California, largely through the efforts of its employés, amounted to more than $100,000 a year. Hundreds of its freight cars came into California over the rails of other railroads, for which it received a rental from the other railroads. *Held*, that it was doing business in California, and D. was its managing or business agent, within Code Civ. Proc. Cal. § 411, providing that, in a suit against a foreign corporation doing business and having a managing agent within the state, a summons must be served by delivering a copy to such agent.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520, 2521, 2611.]

At Law. Action by Emil D. Mauser and another against the Union Pacific Railroad Company. On motion to quash the service of summons. Motion denied.

E. B. Drake, of Los Angeles, Cal., for plaintiffs.

James E. Kelby, of Los Angeles, Cal., for defendant.

TRIPPET, District Judge. This action was commenced in the superior court of the state of California, and removed here by the defendant. Prior to removing the case, defendant entered a special ap-

pearance and moved to quash the service of summons upon the following grounds:

"I. That the Union Pacific Railroad Company is a corporation organized and existing under the laws of the state of Utah, and is a resident of said state.

"II. That said defendant has no line of railroad within the state of California, has not complied with the laws of the state of California authorizing foreign corporations to do business in said state, as provided by section 405 et seq., chapter 6, Civil Code of California, and that it does no business in said state; that the said W. J. Doran is neither a managing nor a business agent of said defendant Union Pacific Railroad Company.

"III. That by virtue of the pretended service of summons, together with a copy of the complaint, delivered to the said W. J. Doran on the 28th day of November, 1915, no jurisdiction was conferred over the person of the defendant in this action."

The return of service shows that the summons was served upon one W. J. Doran, alleged by the return to be the general agent of the defendant in the state of California. The proof shows that all the facts that existed in the case of Denver, etc., R. Co. v. Roller, 100 Fed. 738, 41 C. C. A. 22, 49 L. R. A. 77, concerning the right to serve process on the defendant in this state, exist here, and, in addition to the facts in that case, the proof shows that the defendant employs a great many servants in this state. In Los Angeles alone it has 15 or 20, and defendant has four or five offices in the state. Doran, on whom the service was made, has charge of all these employés and superintends their work. He has supervision of the ticket office in Los Angeles; in that office defendant sells from 2,000 to 2,500 tickets a year. Receipts of defendant from business secured in California, largely through the efforts of its employés, amount to more than $100,000 per year. Hundreds of freight cars of the defendant come into California and are run over the rails of other roads, for which the defendant receives a rental from the other roads.

Preliminary to the further discussion of the case, it will be noted that there is no showing made as to the contents of the articles of incorporation of the defendant. The only showing in this regard is a recital of Doran in his affidavit to the effect that the defendant is a corporation organized and existing under the laws of the state of Utah.

The motion of the defendant primarily was addressed to the court, to defeat the jurisdiction of the court by reason of the provisions of section 405 et seq. of the Civil Code of California. These provisions of the Civil Code relate to the service of process upon foreign corporations, and provide for the service upon a person designated by the foreign corporation, and the provision is that, if it does not designate such a person, service may be made upon the secretary of state.

Strong reliance was primarily made by the defendant upon the following decisions of the Supreme Court of the United States: Old Wayne Mutual Life Association v. McDonough, 204 U. S. 8, 27 Sup. Ct. 236, 51 L. Ed. 345, and Simon v. Southern Ry. Co., 236 U. S. 115, 35 Sup. Ct. 255, 59 L. Ed. 492. These decisions relate to the question of whether or not service upon the secretary of state is due process of law, and, as the service in this case was not made in that way, the

cases are not in point. The defendant, however, claims that in those cases the Supreme Court made a distinction between actions ex delicto and actions ex contractu. The defendant claims that the Supreme Court decided in those cases that an action ex delicto could not be maintained against a corporation, except in the place of its residence.

[1] In the discussion of the statutes involved in those cases, the Supreme Court referred to the distinction between actions ex contractu and actions ex delicto, and decided that the statutes did not authorize service of summons as provided by said statutes in actions ex delicto. The court never intended by those decisions to modify the common-law rule that in transitory actions the defendants might be sued where the defendants could be found. The rule concerning the right to institute transitory actions has no relation to the residence of the defendant. A transitory action follows the person, and this is so, whether it is an action ex delicto or ex contractu.

In the case of Philadelphia & Reading Ry. Co. v. McKibbin, 243 U. S. 264, 37 Sup. Ct. 280, 61 L. Ed. 710, decided March 6, 1917, the court expressly stated that it expressed no opinion concerning the right to sue a foreign corporation in the state where that suit was brought. The case at bar is quite different from the facts stated in the case last cited, and also quite different from the cases to which that opinion refers, viz. Green v. C., B. & Q. Ry. Co., 205 U. S. 530, 27 Sup. Ct. 595, 51 L. Ed. 916, and Peterson v. C., R. I. & P. R. R., 205 U. S. 364, 27 Sup. Ct. 513, 51 L. Ed. 841.

[2] The section of the Code cited by the defendant, viz., 405, Civil Code, is not the provision of the statute in question. The provision in question is section 411, Code of Civil Procedure of the state of California, which reads as follows:

"The summons must be served by delivering a copy thereof as follows: * * * If the suit is against a foreign corporation * * * doing business and having a managing or business agent, * * * to such agent. * * *"

The question for this court to determine is whether or not the defendant is doing business in this state and whether W. J. Doran is the business agent of defendant. The Supreme Court of the United States has said:

"A long line of decisions in this court has established that, in order to render a corporation amenable to service of process in a foreign jurisdiction, it must appear that the corporation is transacting business in that district to such an extent as to subject it to the jurisdiction and laws thereof. [Authorities.] * * * This court has decided each case of this character upon the facts brought before it, and has laid down no all-embracing rule by 'which it may be determined what constitutes the doing of business by a foreign corporation in such manner as to subject it to a given jurisdiction. In a general way it may be said that the business must be such in character and extent as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws of the district in which it is served and in which it is bound to appear when a proper agent has been served with process." St. Louis v. Alexander, 227 U. S. 218, 226, 227, 33 Sup. Ct. 245, 247, 248, 57 L. Ed. 486, Ann. Cas. 1915B, 77.

In the case just cited the Supreme Court upheld the jurisdiction and right to serve. The defendant there was not doing as much business in the state of New York as the defendant here is doing in the state of California.

This question has come before the Circuit Court of Appeals of this circuit, wherein the court construed the identical statute here before the court. Denver & Rio Grande R. Co. v. Roller, 100 Fed. 738, 41 C. C. A. 22, 49 L. R. A. 77. The case before the Circuit Court of Appeals was not as strong a case showing defendant was doing business in California as the case at bar, and it is the duty of this court to follow that decision.

The case of Denver, etc., R. Co. v. Roller et al., was relied upon as authority in the Supreme Court of the United States by one of the litigants in the case of Green v. Chicago, Burlington & Quincy Railway Co., 205 U. S. 530–533, 27 Sup. Ct. 595, 596, 51 L. Ed. 916. In that case the Supreme Court said:

"The question here is whether service upon the agent was sufficient and one element of its sufficiency is whether the facts show that the defendant corporation was doing business within the district. It is obvious that the defendant was doing there a considerable business of a certain kind, although there was no carriage of freight or passengers. In support of his contention that the defendant was doing business within the district in such a sense that it was liable to service there, the plaintiff cites Denver, etc., R. Co. v. Roller, 100 Fed. 738, 41 C. C. A. 22, 49 L. R. A. 77, and Tuchband v. Chicago, etc., Railroad, 115 N. Y. 437, 22 N. E. 360. The facts in those cases were similar to those in the present case. But in both cases the action was brought in the state courts, and the question was of the interpretation of a state statute and the jurisdiction of the state courts."

It seems to me that the language used by the Supreme Court above is an approval of the doctrine laid down in Denver, etc., v. Roller, supra. I cannot sustain the contention of the defendant without disregarding the opinion of the Circuit Court of Appeals of this circuit, nor, in my opinion, can the defendant's contention be upheld without deciding that the provision above quoted from the Code of Civil Procedure of California is unconstitutional. If a state has a right to enact such a statute, then certainly this is the kind of a case to which such a statute should apply. While this is an action ex delicto in substance, nevertheless it grew out of the business transacted by the defendant in this state.

The motion of the defendant to quash the service will be denied.