[No. 14542.    Department One.    January 18, 1918.]

THE STATE OF WASHINGTON, *on the Relation of National Surety Company*, *Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Calvin S. Hall, Judge, Respondent*.[1]

INSURANCE—FOREIGN COMPANIES — ACTIONS — SUMMONS — REQUISITES. Under Rem. Code, § 6059-13, relating to the service of summons on insurance companies, the ordinary form of summons requiring appearance within 20 days is proper, under the practice act, Id., §§ 222 and 223, notwithstanding such section of the insurance code provides that, in case of service upon the state insurance commissioner as agent of the insurance company, no proceedings shall be had within forty days after date of such service.

Application filed in the supreme court November 26, 1917, for a writ of prohibition to the superior court for King county, Hall, J., to prohibit further proceedings in a cause. Denied.

*C. B. White*, for relator.

*Beebe & Whitcomb* and *Turner & Hartge*, for respondent.

[1]Reported in 170 Pac. 120.

WEBSTER, J.—This is an original application for a writ of prohibition. The question presented is whether jurisdiction over the relator—a foreign surety company—was acquired by serving upon the insurance commissioner a summons in the form prescribed by §§ 222 and 223, Rem. Code, requiring the defendant to appear and defend the action within twenty days after the date of such service under penalty of being defaulted for nonappearance.

Section 13 of the insurance code (Laws 1911, ch. 49, p. 173; Rem. Code, § 6059-13) provides:

"The commissioner shall not issue a certificate of authority to transact any business of insurance in this state to any foreign or alien insurance company until it has executed and filed in his office a written appointment of the insurance commissioner to be the true and lawful attorney of such company in and for this state, upon whom all lawful process in any action or proceedings against such company commenced in any county in this state may be served with the same effect as if it were a domestic company having its principal office in such county. The service upon such attorney shall thereafter be deemed service upon the company.

"Service of process against any such insurance company may be had by serving duplicate copies upon the commissioner through the mail by a registered letter, or by an officer or person competent to serve a summons. Upon such service being made, the commissioner shall forthwith mail one of such duplicate copies of such process to such company at its home office or general agency, or in the case of an alien company, to the resident manager, if any, in this country.

"In all cases of service of process against such insurance company by serving its said attorney, the commissioner shall collect two dollars, which shall be paid by the plaintiff at the time of such service, the same to be recovered by plaintiff as part of the taxable costs if he prevail in the suit.

"The commissioner shall keep a record of all such processes which shall show the day and hour of service: Provided, that in such case no proceedings shall be had within forty days after the date of such service upon the commissioner."

It is contended that, under the provisions of this statute, the summons should notify the company to appear within forty days after the date of service upon the insurance commissioner, instead of within twenty days as required by the usual statutory summons. We cannot accede to this view. The insurance code does not undertake to prescribe the form or substance of the summons to be served upon the commissioner, but merely provides "that in such case no proceedings shall be had within forty days after the date of such service upon the commissioner." The section under consideration deals with the service of process, not with the question of what such process shall contain; that matter is left to be governed by the practice act. If the character of summons served in the manner provided by the act was intended to be different from that prescribed in other cases where the summons is served in the usual way, such intention would have been clearly expressed and a form of summons provided or its substance defined. It is not to be presumed that an amendment to the practice act in a matter of such vital importance as the character and contents of the process by which courts acquire jurisdiction of the person would have been left to mere surmise or conjecture. It was evidently the purpose of the legislature to allow ample time after service for the insurance commissioner to forward the summons to the company affected by it, and as the vast majority of insurance companies as defined by the act have their principal offices in the east, it was considered proper to extend the time of appearance from twenty to forty days. This result is effectually accomplished by staying the proceedings as to such defendants for the full period of forty days. We confess it seems incongruous to summon a defendant to appear and answer an action within twenty days when the law provides in effect that it shall have forty days within which to do so, yet no possible hardship is wrought. The insurance companies have full knowledge of their rights. The provisions of the statute, to which they are required to consent

as a condition precedent to their right to do business in the state, expressly so informs them. Moreover, we are convinced that much greater confusion would result from having two kinds of summons to be personally served in the same action than by taking the statute as it reads and treating the proceedings as stayed, so far as the rights of such defendants are concerned, for the time specified in the act.

Counsel for relator suggests that, under such construction of the section, a default might be entered against corporations so served upon the expiration of twenty days after the service of summons. The answer is that a premature default may be inadvertently entered in any case. If the summons should expressly notify the defendant to appear within forty days, a default might erroneously be taken before the expiration of that time. In any event, an improper default could be set aside upon a proper showing entitling the party aggrieved to such relief. Presumably courts will observe the law and will not attempt to foreclose the rights of a litigant by a hasty and premature default entered in the face of a plain statute.

The question is a novel one, upon which no authority has been cited and we have been unable to find any. We are comforted by the thought, however, that the point is purely technical, and it is infinitely more important that it be settled than it is that it be decided in any particular way.

We are of the opinion that the statute contemplates the ordinary summons prescribed by the practice act, but that a defendant served with such summons in the manner provided by the insurance code has forty days within which to appear and defend the action, no proceedings to be had in the cause in any wise affecting its rights until after the expiration of such time. The alternative writ will be vacated.

ELLIS, C. J., FULLERTON, PARKER, and MAIN, JJ., concur.