**O'NEILL v. LANG TRANSP. CORPORATION et al.**

No. 2717.

District Court, D. Nevada.

June 2, 1937.

478

Morley Griswold, of Reno, Nev., for plaintiff.

M. A. Diskin, of Reno, Nev., for defendants.

NORCROSS, District Judge.

Complaint in this action was filed in the state District Court in and for the county of Washoe. Defendant corporation appeared specially therein for the purpose of filing a petition for removal. Upon the petition so filed an order for removal was entered and the cause docketed in this court.

In this court the defendant corporation has appeared specially, for the purpose of moving to quash the summons issued by the state court and the service thereof.

The complaint is in form an action at law for damages for alleged personal injuries caused to plaintiff by the negligence of defendant corporation in the operation of one of its trucks on United States Highway No. 40 known as Victory Highway at a point on said highway in the state of California a few miles west of the summit of the Sierra Nevada Mountains. The date of the alleged injury is January 21, 1936. Other facts having a bearing upon the questions presented upon the motion to quash are the following:

The plaintiff is a resident citizen of the state of Nevada. The defendant corporation is a corporation organized and existing under the laws of the state of California with principal office in the city of Los Angeles and is engaged in the business of transporting oil and gasoline in motortrucks from points in the state of California to points in the state of Utah over the said Victory Highway. Defendant corporation is not engaged in business nor has it property within the state and district of Nevada otherwise than trucks engaged in interstate commerce as aforesaid and one truck in charge of one employee stationed at Lovelock, Nev., for use in repairing such carrying trucks when necessity may require. Such repair truck carries a Nevada state license. The oil and gas so transported by defendant corporation is not the property of said defendant but is transported by it as a common carrier. At Wendover, Nev., near the Utah-Nevada state line, the trucks bringing oil and gas from California are stopped and the oil and gas placed in tanks there located and leased by defendant corporation, from which tanks the oil is withdrawn into other trucks owned by defendant corporation of lighter weight in order to comply with the laws of the state of Utah limiting the weight of trucks used on public highways therein.

The grounds for the motions to quash are substantially as follows: (a) That no valid summons was issued or served upon said defendant; (b) that said defendant has never appointed or kept in the state of Nevada any agent upon whom legal process might be served; that it has never done business in the state of a nature that would authorize the service of process upon the Secretary of State or his deputy; (c) that said defendant has never owned property in the state of Nevada excepting a truck used to repair motor vehicles engaged in transporting oil and gas in interstate commerce; (d) that the defendant corporation does no business in the state of Nevada that would give jurisdiction to a state court therein on the alleged cause of action set forth in plaintiff's complaint or that authorizes service of process pursuant to provisions of sections 8580 and 8581 Nevada Compiled Laws; (e) that if said sections 8580 and 8581 authorize service of summons under the facts of this case such sections would be violative of the Fifth and Fourteenth Amendments to the Federal Constitution and the commerce clause thereof.

The asserted invalidity of the summons issued in this case is based upon a provision therein contained respecting time "to appear * * * and defend the * * * action," reading: "and in all other cases within thirty days."

Prior to an amendment of two sections of the state civil practice act dealing with the matter of summons, made by the Legislature in 1931 (St.1931, c. 95), sections of said act, four in number, provided a time for appearance or answer in all cases in which service was not made within the county or district within which the court was located, of "forty days." Nevada Compiled Laws (1929) §§ 8575, 8576, 8581, 8583. Said section 8575 deals with the form of summons and begins: "The summons shall be substantially in the following form." Said section 8576 deals with the time for answer and reads: "The time in which the

summons shall require the defendant to answer the complaint shall be as follows." Section 8581 deals with the matter of service of "any and all legal process" on foreign corporations not having an agent within the state, providing for service upon the Secretary of State or deputy and the mailing of copies of the summons and complaint to the corporation or an officer thereof. The section then provides: "and in all such cases the defendant shall have forty days from date of such mailing within which to appear in said action. This section shall be construed as giving an additional mode and manner of serving process, and as not affecting the validity of any other valid service." Section 8583 deals with the matter of service of summons by publication. The two sections amended by an act approved March 19, 1931 (St.1931, c. 95), correspond to the above-numbered sections 8576 and 8583. The amendment substituted the word "thirty" for the word "forty" where it appeared in the sections prior to amendment.

The summons served in this case was made up from a printed blank form, which form is adopted and used by the state district courts. In the printed form appears three several times for appearance, the third reading: "In all other cases, thirty days," in pursuance of the amendment of said section 8576, made in 1931. It may be assumed that the state courts in adopting or recognizing a form of summons following such amendment in effect construed the same to be in compliance with such amendment. It is a well-settled general principle of law that federal courts follow the construction placed by state courts on state statutes. Section 8575 relied upon by movent deals only with the "form" of the summons and provides only that it be "substantially in the following form." Where there has been a subsequent change in the substantive law respecting time to answer, it could not, we think, be said that a summons was not "substantially" in form which complied with the law as changed respecting time to answer.

Where as in this case service has been made in pursuance of section 8581, and the provision of that section allowing forty days "to appear in said action" not having been changed by amendment, a more serious question is presented. A similar question was considered by the Supreme Court of the state of Washington in the case of State v. Superior Court, 99 Wash. 573, 170 P. 120, 121. From the opinion in that case, by Webster, J., now United States District Judge for the Eastern District of Washington, we quote:. "The section under consideration deals with the service of process, not with the question of what such process shall contain."

The objection to the form and service of summons in this case we think is without merit. Higley v. Pollock, 21 Nev. 198, 27 P. 895; Young v. Newbold, 114 Kan. 86, 217 P. 269.

It is next contended that the cause of action not having accrued within the state of Nevada, the state court was without jurisdiction and that summons should be quashed for that reason, citing Fry v. Denver & R. G. R. Co. (D.C.Cal.) 226 F. 893, in support of such contention. The opinion in the Fry Case, supra, does not cite the opinion of the Circuit Court of Appeals of this Circuit in Denver & R. G. R. Co. v. Roller, 100 F. 738, 49 L.R.A. 77, so it may be assumed that the Fry Case was regarded as distinguishable upon the facts controlling. The Roller Case, supra, is regarded as controlling in this case. The opinion in the latter case was by Hawley, D. J., then presiding judge of this court. The attention of the court has not been called to any later decision of the Circuit Court of Appeals modifying the rule as therein stated. See Green v. Chicago, B. & Q. Ry. Co., 205 U. S., 530, 533, 27 S.Ct. 595, 51 L.Ed. 916; Mauser v. Union Pac. R. Co. (D.C.) 243 F. 274, 277.

Finally it is contended that plaintiff is not engaged in business of a nature that would authorize service of process on the Secretary of State or his deputy as provided by the Nevada statute or which would confer jurisdiction on a state court. Is the plaintiff engaged in business in the state of Nevada or the owner of property therein or both of a nature that would confer jurisdiction on a state court therein of a transitory cause of action instituted by a resident and citizen of such state? The court has not been referred to any authorities directly dealing with a state of facts similar to those presented in this case. A number of authorities have been cited dealing mainly with the liability of railroad companies when the line of railroad did not enter the state where the suit was instituted. Philadelphia & Reading Ry. Co. v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710; Peterson v. Chicago, R. I. & P. Ry. Co., 205 U.S. 364, 27 S.Ct. 513, 51 L.Ed. 841;

Mauser v. Union Pac. R. Co. (D.C.) 243 F. 274.

We have here as defendant a company engaged in the business of a carrier in interstate commerce using instead of railroad cars automotive trucks and using instead of its own line of railroad public highways of the states, the use of which are subject to state control. In the instant case the major portion of the line of travel of defendant company's trucks appears to be in the state of Nevada, approximately 400 miles. The business of the company is to accomplish the delivery of oil and gasoline from the state of California into the state of Utah. The cost of such delivery and any profit thereon is necessarily governed in a substantial measure by the mileage covered by its trucks in crossing and recrossing the state of Nevada by means of its public highways. Such crossing and recrossing the state of Nevada is an essential part of its business enterprise. It is well settled that the state may regulate the operation of such trucks upon its public highways. Hicklin v. Coney, 290 U.S. 169, 54 S.Ct. 142, 78 L.Ed. 247; Stephenson v. Binford, 287 U.S. 251, 53 S.Ct. 181, 77 L. Ed. 288, 87 A.L.R. 721; Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446, 57 A.L.R. 1230; Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091; Morris v. Duby, 274 U.S. 135, 47 S.Ct. 548, 71 L.Ed. 966; Hendrick v. Maryland, 235 U.S. 610, 622, 35 S.Ct. 140, 59 L.Ed. 385; Kane v. New Jersey, 242 U.S. 160, 167, 37 S.Ct. 30, 61 L.Ed. 222. It appears in this case that defendant is required at a point in Nevada just before beginning to utilize the Utah highway to transfer the freight carried to trucks of lighter weight. The weight of trucks when loaded are not only subject to state limitation, but such trucks are also subject not only to license but also to taxation similar to that of freight cars used for a particular purpose such as those of the Pacific Fruit Express. The use of public highways in recent years as a means or basis of transportation in interstate commerce has progressed to the extent that it is an important phase of such commerce. Where auto trucks are used in such commerce, the same rule should be applied as in the case of railroads. Where as in this case the public highways of the state are used by a nonresident corporation, such corporation is doing business within the state, notwithstanding the mere fact that deliveries are not made to shippers therein.

Defendant's several motions are denied. Defendant is granted exceptions to this ruling and order. Defendant is allowed twenty days to answer.