**DUNN v. CEDAR RAPIDS ENGINEERING CO. OF DELAWARE et al.**

No. 11020.

Circuit Court of Appeals, Ninth Circuit.

Dec. 26, 1945.

Rehearing Denied Feb. 27, 1946.

Desser, Rau & Christensen, of Los Angeles, Cal., for appellant.

Mathes & Sheppard, William C. Mathes, and Gordon F. Hampton, all of Los Angeles, Cal. (Cameron W. Cecil, of Los Angeles, Cal., of counsel), for appellees.

Before STEPHENS, BONE, and ORR, Circuit Judges.

STEPHENS, Circuit Judge.

Dunn brought suit in the California State Superior Court against two corporations, resident in another state, upon a cause of action wholly arising in the other state. The corporations were doing business in California and had designated an agent upon whom service of summons could be served. Upon motion of the cor-

porations the cause was removed to the United States District Court upon the ground of diversity of citizenship. Thereupon the corporations-defendants appeared specially and presented a motion to set aside, vacate and quash the service, and the motion was granted. Dunn appeals.

■■■ The District Court acquired such jurisdiction, no more no less, as the Superior Court had. Lambert Run Coal Co. v. Baltimore & Ohio R. Co., 1922, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671: "* * * The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction. * * *" Our inquiry therefore is: Did the State Superior Court have jurisdiction of the cause? Unless states authorize their courts to entertain actions arising wholly outside the state, they have no jurisdiction to entertain them. Has California given its courts such jurisdiction?

The California statute authorizing service of a foreign corporation is as follows:

(§ 405, Civil Code) "Articles and statement to be filed. · In this chapter the term 'foreign corporation' means a corporation not incorporated under the laws of this State. The term 'articles' includes the articles or certificate of incorporation or other document filed for the purpose of creating the corporation with the Secretary of State or other official of the State, Territory, or government, under the laws of which such corporation is created, and any amendments thereof, any certificates supplemental thereto, or any special charter, statute, or governmental act * * * amendatory thereof or supplemental thereto. The term 'transact intrastate business' as used in this chapter means entering into repeated and successive transactions of its business in this State, other than interstate or foreign commerce.

"No foreign corporation shall transact intrastate business in this State until it has filed with the Secretary of State a copy of its articles duly certified by the Secretary of State or other official of the government under the laws of which it was created, together with a verified translation into English if the original be written in a foreign language, nor until it has also filed with the Secretary of State a statement setting forth:

"(1) The location and address of its principal office;

"(2) The location and address of its principal office within this State;

"(3) The name of some person residing within the State upon whom process directed to such corporation may be served, and his complete business or residence address, which must be in the county in which the principal office of the corporation in this State is to be located;

"(4) Its irrevocable consent to such service, and to service of process on the Secretary of State, if the agent so designated or his successor be no longer authorized to act or cannot be found at the address given.

"Filing of copies. A copy of such articles, and any translation thereof, duly certified by the Secretary of State of this State, must be filed with the county clerk of the county in this State in which the principal office of the corporation is located, and with the county clerk of any other county in this State in which the corporation owns real property."

It is said in Missouri-Pacific R. Co. v. Clarendon Boat Oar Co., 1922, 257 U.S. 533, 535, 42 S.Ct. 210, 211, 66 L.Ed. 354: "* * * Provisions for making foreign corporations subject to service in the state is a matter of legislative discretion, and a failure to provide for such service is not a denial of due process. Still less is it incumbent upon a state in furnishing such process to make the jurisdiction over the foreign corporation wide enough to include the adjudication of transitory actions not arising in the state. Indeed, so clear is this that in dealing with statutes providing for service upon foreign corporations doing business in the state upon agents whose designation as such is especially required, this court has indicated a leaning toward a construction, where possible, that would exclude from their operation causes of action not arising in the business done by them in the state."

■■■ It does not appear that authorization for California State Courts to entertain the instant action can be read into the statute. Significantly, in Miner v. United Air Lines Transport Corp., D.C. Cal.1936, 16 F.Supp. 930, 931, this view of the statute was taken as long ago as 1936 by the United States District Court, and no decision appears to have been made on the subject since by the California courts.

The District Court Judge prepared a well reasoned opinion and therein cited leading authorities bearing on the subject.

The cases cited by appellee are easily seen to be distinguishable in that the facts therein do not fit the facts of this case. It would profit nothing to lengthen this opinion by analyzing them herein.

Affirmed.