**PERKINS v. LOUISVILLE & N. R. CO. et al.**

**No. 11883–C.**

United States District Court
S. D. California, Central Division.

Jan. 8, 1951.

Sampson H. Miller, Los Angeles, Cal., for plaintiff.

C. W. Cornell, O. O. Collins, John R. Allport, Los Angeles, Cal., appearing specially for defendant Louisville & N. R. Co.

JAMES M. CARTER, District Judge.

This case presents the question as to whether or not the solicitation of business within the State of California by a foreign corporation maintaining an office in the city of San Francisco, California, constitutes doing business so as to render the corporation subject to the jurisdiction of

the state courts. The action was brought by a California resident against a Kentucky railroad corporation for personal injuries incurred while alighting from the defendant's train in Tennessee. The suit was initially filed in the Superior Court of California.

Service of summons and complaint upon the defendant, Louisville & Nashville Railroad Co., was made by delivering a copy of both to one, George W. Phelps, at the office of the defendant in San Francisco, California. The suit was then removed to this court by the Southern Pacific Railway Co., a co-defendant. Subsequently this court dismissed the action as to the Southern Pacific Railroad Co., upon the ground that the plaintiff had failed to state a claim against that company upon which relief could be granted.

The remaining defendant, the Louisville & Nashville Railroad Company, then moved to quash service of summons upon it on the ground that process was not served upon a managing or general agent, or on any other agent authorized by appointment or by law to receive service of process as required by Rule 4(d) (3) of the Rules of Civil Procedure, 28 U.S.C.A.

■ In order for this court to entertain an in personam action against a foreign corporation, two requisites must be satisfied. The first and most important is that the foreign corporation must be present within the jurisdictional limits of the court through the activities of its agents or officers, and secondly, the corporation must be apprised of the action by proper service of process.

The defendant's memorandum in support of its motion to quash attacks the court's jurisdiction mainly upon the alleged insufficiency of the service of process. Little is said concerning the presence of the defendant in a jurisdictional sense within this state. However, it is this latter point which is the crux of this motion and it is to that point which we shall direct most of this opinion.

■ The factual situation showing the accident to have happened in Tennessee, and the plaintiff to be a resident of California, does not present a problem. We are not here concerned with venue but only with the question of jurisdiction. If the defendant desires to question venue, it has as its remedy under Sec. 1404(a), Title 28 U.S.C.A., which permits a transfer on the basis of the convenience of parties and witnesses in the interest of justice. Whether the corporation was present or doing business within the state so as to make it amenable to the state's process, is undoubtedly a question of substantive law and is to be decided primarily by the decisions and statutes, if any, of the state of California. Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.[1]

The record shows that the Louisville and Nashville Railroad Company is a Kentucky corporation, authorized to do business in the state of California. It has no railroad tracks in California but it maintains a two-room business office in San Francisco, occupied by a staff of four employees. One of them, George H. Phelps, is a General Agent of the Traffic Department of the railroad, and is the person in charge of the San Francisco office. His affidavit states that his sole duties are limited to soliciting freight business for the railroad; that he does not disburse or receive money; that he has no authority to contract or to lease, nor any power to act on any claims. He also states that the railroad does not sell any tickets or issue bills of lading in California.

The railroad has maintained such a business establishment for a number of years. The office is listed in both the classified and alphabetical sections of the San Francisco telephone directory and Phelps is there listed as a general agent. The listing also ap-

---

1. Older cases decided prior to Erie R. Co. v. Tompkins, hold that as to the service of process, the Federal Courts would not follow the state decisions in determining whether the corporation was jurisdictionally present and subject to service.

Cyc. Fed. Procedure, 2d Ed., Sec. 974, p. 183, note 87, and cases cited therein.

The case of Leakley v. Canadian Pacific Express Co., D.C.Alaska, 1949, 82 F.Supp. 906, seems to have ignored the holding of the Erie R. Co. case.

pears in a recent issue of the Official Guide of the Railways and Transportation companies of the United States, and the Guide shows that the defendant maintains at least twenty-three other such offices in fifteen states, in addition to Kentucky and the District of Columbia.

■ The California courts have had numerous occasions to pass upon the question now before us. It has been said that to be doing business in California in a jurisdictional sense, a foreign corporation must transact in this state some substantial part of its ordinary business through its agents or officers selected for that purpose. Jameson v. Simonds Saw Co., 1906, 2 Cal.App. 582, 84 P. 289; Milbank v. Standard Motor Const. Co., 1933, 132 Cal.App. 67, 22 P.2d 271; Charles Ehrlich & Co. v. J. Ellis Slater Co., 1920, 183 Cal. 709, 192 P. 526; Davenport v. Superior Court, 1920, 183 Cal. 506, 191 P. 911. A California Court has recently held that a foreign manufacturing corporation was present within the state through the activities of its distributors who acted as agents although not intended to be such. Thew Shovel Co., v. Superior Court, 1939, 35 Cal.App.2d 183, 95 P.2d 149. See also West Pub. Co. v. Superior Court, 1942, 20 Cal.2d 720, 128 P.2d 777.

■ From these cases it is apparent that California courts take a broad view of the concept of doing business by a foreign corporation, and although no California case has been found which involved mere solicitation, it is the view of this court that under California law the continued solicitation of business by a foreign corporation maintaining a regular office within this state con-stitutes doing business and renders the foreign corporation present in the state of California and amenable to its process.[2]

The federal courts have also discussed the problem at length. The question of whether "mere solicitation" of business by an agent is such an activity as would render a foreign corporation amenable to suit within the forum state was answered in the negative by the Supreme Court in Green v. Chicago B. & Q. Ry. Co., 1907, 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916. It was in this case that the Supreme Court set out the "mere solicitation" rule which held that where a foreign corporation merely solicits business through an agent in the forum state, it is not engaged in such business activity as will bring it within the jurisdiction of the state courts.

But seven years later the Supreme Court labelled the Green case as "extreme" in International Harvester Co. of America v. Com. of Kentucky, 1914, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479, and held that a continuous course of business by salesmen in Kentucky who solicited orders which were sent to another state and in response to which machines were shipped into Kentucky constituted a doing of business sufficient to render the International Harvester Company amenable to the process of the Kentucky courts.[3] The court found more than "mere solicitation" in the activities of the salesman.

In Hutchinson v. Chase & Gilbert, 2 Cir., 1930, 45 F.2d 139, 141, Judge Hand said, in discussing what activity a foreign corporation must carry on within a state before rendering itself amenable to the state's ju-

2. Research disclosed the case of Dunn v. Cedar Rapids Eng. Co., 9 Cir., 1945, 152 F.2d 733, involving an in personam action against two foreign corporations on a cause arising outside the state of California. The court said in granting the motion to quash service, 152 F.2d at page 734: "Unless states authorize their courts to entertain actions arising wholly outside the state, they have no jurisdiction to entertain them." Upon further study we have determined that what the court meant was that where a foreign corporation has consented to service upon a designated per-son or the Secretary of State as a condition to doing *intrastate* business, it is a qualified consent to be sued only on causes of action arising out of its intrastate business and not on causes arising outside the state. The rule is well established that courts have jurisdiction of transitory actions if they secure jurisdiction of the person of the defendant.

3. Compare: International Shoe Co. v. Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; and People's Tobacco Co. v. American Tobacco Co., 1918, 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587.

risdiction: "Possibly the maintenance of a regular agency for the solicitation of business will serve without more. The answer made in (the Green case) and People's Tobacco Co. v. Amer. Tobacco Co., 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587, Ann.Cas. 1918C, 537, perhaps becomes somewhat doubtful in the light of (the International Harvester case) and, if it still remains true, it readily yields to slight additions."

An enlightened analysis of the principles of personal jurisdiction over a foreign corporation and a review of the trend of modern decisions may be found in Frene v. Louisville Cement Co., 1943, 77 U.S.App. D.C. 129, 134 F.2d 511, 146 A.L.R. 926. Justice Rutledge said in that case, 134 F.2d at page 515: "In other words, the fundamental principal underlying the 'doing business' concept seems to be the maintenance within the jurisdiction of a regular, continuous course of business activities, whether or not this includes the final stage of contracting." And in 134 F.2d on page 516: "In general the trend has been toward a wider assertion of power over nonresidents and foreign corporations than was considered permissible when the tradition about 'mere solicitation' grew up." He recommended the abandonment of the "mere solicitation" rule when the soliciting activity is a regular, continuous and sustained course of business.

Recent district court decisions have not considered the "mere solicitation" rule of the Green case binding. It was held in Western Smelting & Refining Co. v. Pennsylvania R. Co., D.C. 1948, 81 F.Supp. 494, that the test of whether a foreign corporation is within a state for jurisdictional purposes is whether traditional notions of fair play and substantial justice would be offended by finding the defendant subject to local jurisdiction.[4] In cases sustaining jurisdiction upon the "slight additions" of which Judge Hand spoke, the soliciting agent also sold tickets, or issued bills of lading or handled claims.[5]

An interesting recent case sustained service on a sales engineer who was in charge of the branch office in New York of a California corporation. Pan American Airways, Inc., v. Consolidated Vultee Aircraft Corp., D.C.1949, 87 F.Supp. 926. The sales engineer's duties were limited to the solicitation and forwarding orders to the home office.

On the other hand there are recent cases which have adhered closely to the "mere solicitation" rule first set out in the Green case.[6]

The plaintiff in the case before us relies heavily on the case of Denver & R. G. Ry. Co. v. Roller, 9 Cir., 1900, 100 F. 738, 49 L.R.A. 77. The facts in that case are remarkably similar to the one at hand with the exception that there the soliciting agent had the power to contract and issue bills of lading.[7] The Supreme Court took cognizance of that case in the Green decision, supra, and after admitting the facts were similar in both cases, distinguished the Roller case on the ground that the action was originally brought in the state court and the question was of the interpretation of a state statute and the jurisdiction of the state courts. The Ninth Circuit had held in the Roller case that the solicitation of business by the railroad's agent was sufficient to constitute the railroad's presence within the state and that service of process upon a general agent was sufficient under the California statute to give the state cour. jurisdiction over the railroad in a person ' injury case. The Roller case is still go law today, and is in agreement with general trend of recent decisions.

4. See also Snyder v. J. G. White Eng. Corp., D.C.1945, 60 F.Supp. 789.

5. Jacobowitz v. Thomson, 2 Cir., 1944, 141 F.2d 72; Barnett v. Texas & P. Ry. Co., 2 Cir., 1944, 145 F.2d 800; Mauser v. Union Pac. R. Co., D.C.1917, 243 F. 274.

6. Cancelmo v. Seaboard Air Line Ry. Co., 1926, 56 App.D.C. 225, 12 F.2d 166; Livingston v. Chesapeake & Ohio R Co., D.C.1937, 18 F.Supp. 863; So· v. Union Pac. R. Co., D.C.1947, 72 ] Supp. 542; Zuber v. Pennsylvania ] Co., D.C.1949, 82 F.Supp. 670; Gol( stein v. Chicago, R. I. & P. R. Ry. Co D.C.1950, 93 F.Supp. 671.

7. Compare West v. Cincinnati, N. O. & T. P. Ry. Co., C.C.1909, 170 F. 349.

As the courts have never developed any definition of the term "doing business", nor any standard by which to measure a corporation's activities, each case, in the final analysis, must be decided on its own facts. Concerning cases of this character, the Supreme Court has said: "In a general way it may be said that the business must be such in character and extent as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws of the district in which it is served, and in which it is bound to appear when a proper agent has been served with process." St. Louis S. W. Ry. Co. of Texas v. Alexander, 1913, 227 U.S. 218, 227, 33 S.Ct. 245, 248, 57 L.Ed. 486.

Solicitation is an activity which is the first step in operating the business for which the railroad was incorporated, namely the carriage of freight and passengers.

The Supreme Court has recognized the necessity of the solicitation of business by a railroad: "As incidental and collateral to that business it was proper, and, according to the business methods generally pursued, *probably essential,* that freight and passenger traffic should be solicited in other parts of the country than those through which the defendant's tracks ran." Green v. Chicago B. & Q. Ry. Co., 1907, 205 U.S. 530, 532, 27 S.Ct. 595, 596, 51 L.Ed. 916. [Emphasis added.]

Solicitation of freight traffic is an integral part of the operation of a railroad. In the eyes of the commercial world such an activity is undeniably "doing business."

Justice Rutledge observed in the Frene case, supra, 134 F.2d at page 516: "Solicitation is the foundation of sales. Completing the contract often is a mere formality when the stage of 'selling' the customer has been passed. No business man would regard 'selling,' the 'taking of orders,' 'solicitation' as not 'doing business.' The merchant or manufacturer considers these things the heart of business."

In a minority opinion, Chief Justice Stone and Justices Roberts, Frankfurter and Jackson said in the case of State of Georgia v. Pennsylvania R. Co., 324 U.S. 439, 471; 65 S.Ct. 716, 732, 89 L.Ed. 1051: "A corporation both is 'found' and 'transacts business' in a district in which it operates a railroad or in which it maintains an office for the solicitation of freight or passenger traffic."

 Whether the defendant is doing business or may be "found" in this state for jurisdictional purposes must be decided on the basis of realities and not fiction.[8] The maintenance of an office and the solicitation of business, when judged by common knowledge and experience, constitutes an activity which requires a foreign corporation's presence within the state. The corporation is there transacting one of the important phases of its business, and common sense compels the conclusion that it is there doing business in the jurisdictional sense. We are in agreement with the conclusion reached by Justice Rutledge and the trend of the courts in the more recent cases that mere solicitation, without more, constitutes doing business within a state when the solicitation is a regular, continuous and substantial course of business.

 Having determined that the first requirement of jurisdiction over the defendant has been shown, we have next for consideration the sufficiency of service of process upon the railroad's agent.

 The defendant contends that service of process was not made upon the proper party as required by Rule 4(d) (3) of the Rules of Federal Procedure. That Rule would be controlling if this action had been originally brought in the Federal Court but this cause is before us on removal from the state court and Rule 4(d) (7) is applic-

8. As Washington, Circuit Judge, said in Goldberg v. Southern Builders, Inc., D. C.Cir., 1950, 184 F.2d 345, 346: " * * * The law as to when foreign corporations are subject to suit outside of their state of incorporation was for a long time possessed of a mystic quality which had evolved from the piling of additional fictions upon the base of the original corporate fiction. As a result corporations were able to engage in activity in many states and yet all too often escape liability for such activity because they could not be sued in local forums. * * * "

able in this situation. That rule provides that service upon a foreign corporation is sufficient if made " * * * in the manner prescribed * * * by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."

Section 411(2) of the Code of Civil Procedure of the State of California provides that service of summons in actions against foreign corporations shall be in the manner provided by Section 6500, et seq. of the Corporation Code of that state. Section 6500 provides for service on " * * * the president or other head of the corporation, a vice president, a secretary, an assistant secretary, the general manager in this State, * * *."

■ It is the opinion of this court that service of process on George W. Phelps was sufficient and proper under Rule 4(d)(7) of the Federal Rules of Civil Procedure. Phelps was a General Agent of the railroad. In that capacity he exercised control and management of the San Francisco office. The personnel therein were under his supervision and direction. He was in every sense the general manager or managing agent upon whom service could be made in compliance with section 6500 of the Corporations Code of the State of California. See Doe v. Springfield Boiler & Mfg. Co., 9 Cir., 1900, 104 F. 684.

The motion of the defendant to quash service and to dismiss the action is denied. Counsel will prepare formal order within ten days in accordance with this opinion.