107 Cal.App.2d 495 (1951)
KONINKLIJKE LUCHTVAART MAATSCHAPPIJ (a Corporation), Petitioner,
v.
SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.
Civ. No. 18671. 
California Court of Appeals. Second Dist., Div. Two. 
Nov. 14, 1951.
 Guthrie, Darling & Shattuck and Milo V. Olson for Petitioner.
 Harold W. Kennedy, County Counsel, and John B. Anson, Deputy County Counsel, for Respondent.
 Benjamin D. Mathon, Raoul D. Magana, Kaplan, Livingston, Goodwin & Berkowitz and Warren M. Goodwin for Real Parties in Interest. *496
 WILSON, J.
 This proceeding arises on the petition of Koninklijke Luchtvaart Maatschappij, hereinafter referred to as KLM, a foreign corporation, for a writ of prohibition to restrain the superior court from taking further proceedings in five actions for damages for wrongful death brought against petitioner, following the denial of its motion by special appearance to quash service of summons.
 The decedent in each of the actions was either a passenger or a member of the crew of a private airplane owned by the Superior Oil Company which crashed in taking off from an airfield in London, England, causing the death of the person of whom the plaintiffs claim to be the surviving heirs. It is alleged in each complaint that KLM negligently performed its contract with the Superior Oil Company to maintain, repair and inspect the aircraft at London, England, the proximate result of which was that the airplane crashed.
 The only question to be determined is whether jurisdiction may be maintained over a foreign corporation engaged solely in interstate or foreign commerce in the State of California when the subject matter of the action is wholly unrelated to any of the business conducted by such corporation in this state.
 KLM is a corporation organized under the laws of the Kingdom of The Netherlands and it has never qualified to do business in California. It operates an intercontinental commercial airline with routes between the continent of Europe and New York and between the Netherlands West Indies and Miami, Florida. It purchases from California manufacturers airplanes in excess of $1,000,000 a year, the contracts for which are executed in The Netherlands. It has maintained a technical office in Los Angeles since 1938, where approximately 24 persons are employed for the purpose of administering its contracts for the purchase of airplanes and airplane parts. It maintains a checking account at a local bank from which it pays its employees. It owns four automobiles which are maintained for the use of technical workers in connection with their duties of visiting various aircraft plants. When flight personnel arrive from Amsterdam for the purpose of accepting delivery of an airplane manufactured by a local airplane factory the office makes arrangements for the accommodations of such personnel. The office is listed in the directory of the building and the rent is paid locally on a month-to- month basis. In addition to the technical office KLM maintains a ticket office in Los Angeles where it employs three or *497 four employees whose duties are to sell tickets on the various intercontinental airlines of KLM. No intrastate tickets are sold and no intrastate passengers are carried. Service of process was made upon the corporation's technical representative for administration and finance, who is in charge of the technical office, and upon his assistant who is in charge of personnel in the same office.
 In support of its contention that the subject matter of the action must have some connection with the business conducted by the foreign corporation in the state in order to confer jurisdiction of the defendant, petitioner cites Miner v. United Air Lines Transport Corp., 16 F.Supp. 930, Dunn v. Cedar Rapids Engineering Co., 152 F.2d 733, Winfield v. United Fruit Co., 135 Cal.App.Supp. 791 [24 P.2d 247], and Fry v. Denver & R. G. R. Co., 226 F. 893.
 In each of the first two cited cases service was made upon the foreign corporation's statutory agent appointed pursuant to section 405 of the Civil Code. [fn. *] In the Miner case the court cited Missouri Pac. R. Co. v. Clarendon Boat Oar Co., 257 U.S. 533, 535 [42 S.Ct. 210, 66 L.Ed. 354], Morris & Co. v. Skandinavia Ins. Co., 279 U.S. 405 [49 S.Ct. 360, 73 L.Ed. 762], and Mitchell Furniture Co. v. Selden Breck Const. Co., 257 U.S. 213 [42 S.Ct. 84, 66 L.Ed. 201]. In the latter case the court stated "the purpose in requiring the appointment of such an agent is primarily to secure local jurisdiction in respect of business transacted within the state. Of course when a foreign corporation appoints one as required by statute it takes the risk of the construction that will be put upon the statute and the scope of the agency by the State Court. ... Unless the state law either expressly or by local construction gives to the appointment a larger scope, we should not construe it to extend to suits in respect of business transacted by the foreign corporation elsewhere, at least if begun, as this was, when the long previous appointment of the agent is the only ground for imputing to the defendant an even technical presence." Since the highest court in California had not construed the statute as authorizing service upon the statutory agent of a foreign corporation defendant where the suit is founded upon a cause of action in no way connected with business transacted within the state, the court held that the decisions rendered by the United States Supreme Court "require in this instance that the California law authorizing *498 service of process upon a foreign corporation doing business within the state be construed so as to exclude from the operation thereof suits founded upon causes of action not arising in the business done by such foreign corporation in this state." In the Dunn case the court cites and follows the holding in the Miner case. In the instant matter it is admitted that petitioner has never qualified to do business in California and service was not upon a statutory agent. Petitioner does not urge that service of process was not made upon a proper officer of the corporation.
 In the Winfield case the plaintiff was a merchant seaman who was injured on defendant's ship while on the high seas. Defendant maintained freight terminals, a ticket office, paid members of the crew from a commercial bank account maintained in this state and performed various other acts in connection with its business in the State of California. Plaintiff's contract of employment was made here and the voyage would terminate in California. The court found that the tort arose in connection with defendant's domestic activities and that "as far as any state jurisdiction was concerned, California was the only state with respect to which both parties dealt."
 Fry v. Denver & R. G. R. Co., decided in 1915, followed the holdings in Old Wayne Mutual Life Assn. v. McDonough, 204 U.S. 8 [27 S.Ct. 236, 51 L.Ed. 345], and Simon v. Southern R. Co., 236 U.S. 115 [35 S.Ct. 255, 59 L.Ed. 492]. The court regarded those cases as establishing the broad rule that "it is not enough ... that the foreign corporation be doing business in the state where sued, but it must appear that the cause of action arose from the business done there" (p. 895), and that the rule was applicable whether service was on an actual agent or on a designated state official. The courts have repeatedly cited and distinguished the Simon and Old Wayne cases, frequently upon the ground that jurisdiction in each was obtained by service of process upon an agent designated by state statute and not upon an officer or bona fide agent of the defendant company. The decision in the Fry case was criticized in Gold Issue Min. & Mill. Co. v. Pennsylvania Fire Ins. Co. (1916), 267 Mo. 524 [184 S.W. 999] (affirmed in 243 U.S. 93 [37 S.Ct. 344, 61 L.Ed. 610]), the court stating (p. 1019): "The opinion seems to proceed upon the theory that a suit cannot be maintained in a state without the transaction out of which it arose occurred in the state where the suit was brought. The old Wayne and Simon cases are cited in support thereof, regardless of the statute under which *499 process was had. If I correctly understand the opinion, then I have no hesitancy in saying that the court does not understand those cases. Instead of those cases supporting the views there expressed, they hold directly to the contrary."
 The judicial trend is toward putting corporations upon the same footing as natural persons in regard to the jurisdiction of suits by or against them. (Barrow S.S. Co. v. Kane, 170 U.S. 100, 106 [18 S.Ct. 526, 42 L.Ed. 964]; Denver & R. G. R. Co. v. Roller, 100 F. 738, 743 [41 C.C.A. 22, 49 L.R.A. 77].) The weight of modern authority is to the effect that the mere fact that the cause of action arose, or the transaction giving rise to it occurred beyond the territorial limits of the state of suit does not prevent effective service of process upon an actual agent of a foreign corporation. (See annotation in 30 A.L.R., p. 255 and cases cited at p. 258 et seq.)
 Lipe v. Carolina C. & O. R. Co., 123 S.C. 515 [116 S.E. 101, 30 A.L.R. 248], was an action for wrongful death of plaintiff's intestate, who was fatally injured in North Carolina while in the employ of defendant as a conductor. Defendant was a Virginia corporation and service of process was made upon its agent in South Carolina. Defendant contended that it was not authorized or licensed to do business in South Carolina and had not consented to subject itself to the jurisdiction of the state courts and since the cause of action owed its origin to business transacted in North Carolina and had no relation to any business transacted in South Carolina, the service was invalid. The court distinguished the Old Wayne and Simon cases, supra, and stated (p. 103): "But we are concerned here, not with the constructive presence of the defendant corporation, but with its actual presence in the state; not with the effect of service of process upon constructive agents, but upon actual agents within the jurisdiction of the court issuing process. The circuit court has found, as a matter of fact, that the defendant was actually doing business within the state, and that the parties upon whom process was served were actually its agents and employees in the carrying on of such business. In that state of the facts it is wholly immaterial whether the defendant had complied with the statutory requirements as to designating an agent upon whom process could be served, or had conformed to other statutory or constitutional provisions as to doing business in the state. If it was actually doing business within the state, its presence within the jurisdiction was as real as that of a domestic corporation doing a similar business ... the fact that it is doing *500 business appearing, jurisdiction of the person of a foreign corporation is acquired in the same manner as jurisdiction of the person of a domestic corporation. ... The test ... lies, as we think, not in the express or implied consent of a foreign corporation to a state's jurisdiction, but in whether it is actually present within the jurisdiction and subject thereto; that is, doing business therein through agents in fact, who may be reached by the personal service of process within the state."
 In West Publishing Co. v. Superior Court, 20 Cal.2d 720, 726 [128 P.2d 777], the court stated: "Whatever the form of a particular statute authorizing service of process upon the agent of a foreign corporation which has not complied with the qualifying laws of a state, it is a fundamental requisite under the federal Constitution that the corporation shall be 'doing business' in the jurisdiction where the service is made to sustain its validity." The court pointed out that formerly the theory upon which the courts of a state assumed jurisdiction of a foreign corporation carrying on business within its borders was that of implied consent to such jurisdiction but that the "consent" theory was abandoned in favor of the "corporate presence" theory, the latter doctrine being summarized by Mr. Justice Brandeis in Philadelphia & Reading R. Co. v. McKibbin, 243 U.S. 264, 265 [37 S.Ct. 280, 61 L.Ed 710], as follows: "A foreign corporation is amenable to process to enforce a personal liability, in the absence of consent, only if it is doing business within the state in such manner and to such extent as to warrant the inference that it is present there."
 [1] Petitioner's activities within this state are sufficient to render it amenable to suit. If a corporation is here "not occasionally or casually, but with a fair measure of permanence and continuity, then, whether its business is interstate or local, it is within the jurisdiction of our courts." (West Publishing Co. v. Superior Court, supra; Tauza v. Susquehanna Coal Co., 220 N.Y. 259 [115 N.E. 915, 917].) In the more recent decisions, solicitation, without more, constitutes doing business within a state when the solicitation is a regular, continuous and substantial course of business. (Frene v. Louisville Cement Co., 134 F.2d 511, 516 [146 A.L.R. 926]; Perkins v. Louisville & N. R. Co., 94 F.Supp. 946, 949.) Petitioner maintains two offices in this state, in one of which it has three or four employees engaged in the solicitation of business; the other office, which it has maintained continuously since 1938, employs *501 approximately 24 persons for the purpose of administering its contracts for the purchase of airplanes and airplane parts, such contracts being in excess of $1,000,000 a year. It accepts delivery of the planes in this state. It maintains a bank account and owns four automobiles. [2] Since this is a transitory action, the court has jurisdiction hereof and since petitioner is doing business in the state and amenable to process it is immaterial that the subject matter is wholly unrelated to any of the business conducted by the petitioner in this state.
 Petition denied. Alternative writ discharged.
 Moore, P. J., and McComb, J., concurred.
NOTES
[fn. *] *. This section was repealed by Stats. 1947, ch. 1038, and is now contained in the Corporation Code, 6201- 6203, 6400, 6401, 6403.