OAKLEY <em>against</em> ASPINWALL and others.

The judicial rule, *stare decisis*, should have great force with this court in reference to adjudications on questions of law made by it, after full discussion and examination.

Where, on a second appeal, the question presented was identical with that on which the cause was previously decided by the court; *Held*, That the court would not reconsider and depart from its former adjudication, although its members were not unanimous in making that decision and the reasoning of those who concurred was not in harmony.

The question, decided when this cause was formerly before the court (*reported* 4 *Comst.*, 514), stated.

Oakley *v.* Aspinwall, 1 Duer 1 ; s. c. 10 N. Y. Leg. Obs. 79, affirmed.

ACTION commenced in 1838, in the superior court of the city of New-York, upon a bond executed by the defendants in January of that year, pursuant to the statute (2 *R. S.*, 11, § 55), to procure the discharge of an attachment issued on the application of the plaintiff against the estate of John W. Baker and John Young, as non-resident debtors. The bond was conditioned that the obligors would pay to each attaching creditor the amount justly due and owing by Baker and Young to him, at the time he became an attaching creditor, "on account of any debt so claimed and sworn to by him, with interest thereon." The declaration stated the application for and issuing of the attachment to the sheriff of the city and county of New-York, his proceedings thereon, and that the defendants, on behalf of

Baker, executed the bond and obtained its discharge. It then averred that at the time the plaintiff became an attaching creditor, on account of the debt so claimed and sworn to by him, as aforesaid, there was justly due and owing to him from Baker & Young a large sum, to wit, the sum of $26,953.79, upon a certain judgment rendered and recovered theretofore, to wit, in October term, 1834, in the supreme court of the State of New-York, in favor of the plaintiff, against said Baker & Young, for the sum of $22,492.89, which was then and there adjudged to the plaintiff for his damages, which he had sustained by reason of the non-performance of certain promises by Baker & Young, then lately made to the plaintiff, and for the costs of the suit, whereof Baker & Young were convicted, as by the record of the proceedings, remaining in the supreme court, more fully appears. The declaration further averred that neither Baker & Young nor the defendants had paid the amount so due and owing the plaintiff on account of the debt so claimed and sworn to by him, and that said judgment remained in full force, unsatisfied. The defendants, with other pleas, pleaded *nul tiel record* as to the supposed recovery of judgment in the declaration mentioned, and the plaintiff replied, taking issue thereon.

The cause was twice tried. On the first trial the plaintiff recovered, and the judgment on appeal was reversed by this court. (*See* 4 *Comst.*, 514.) On the second trial, which was had in 1852, before Mr. Justice Duer, the bond was read in evidence, and the plaintiff also gave in evidence the application for the attachment against Baker & Young and the affidavit of the plaintiff verifying the same. In these the debt of the plaintiff was claimed and stated as a demand for $22,492.89, " arising upon a certain judgment rendered in the supreme court of the State of New-York" in favor of the plaintiff, against Baker & Young. The plaintiff then offered in evidence the record of a judgment in the supreme court in a suit wherein the plaintiff in this

3 KERN.—32

action was the plaintiff and Baker & Young were the defendants. From this record it appeared that the suit was commenced by *capias*, returnable in October term, 1834; that the writ was served on Young, and returned not found, as to Baker, and that the latter never appeared in the suit; that the declaration was in assumpsit against the defendants therein as joint debtors; that Young appeared in the suit and gave a *cognovit* for $22,466.15, for which amount and costs, being $22,492.89, judgment was rendered and perfected in form against him and Baker on the 24th of October, 1834; the plaintiff offered to accompany the judgment record with proof, independent of it, that Baker was jointly liable with Young, as his copartner, for the demand upon which the judgment was recovered. The counsel for the defendants objected to the record and accompanying evidence so offered, on the grounds: 1. That the plaintiff, to maintain the action, was bound to prove a demand against Baker & Young arising upon a judgment against them as stated in the application for the attachment, and that the defendants were not liable for any other debt or demand; 2. That the record was not evidence, as against Baker, of a demand in favor of the plaintiff, against him jointly with Young, arising upon a judgment. The court sustained the objection and excluded the evidence, and the counsel for the plaintiff excepted. The plaintiff not offering any further evidence, the court, on motion of the defendants' counsel, ordered judgment of nonsuit, and the counsel for the plaintiff again excepted. The judgment was affirmed by the superior court at a general term. (*See* 1 *Duer*, 1.) The plaintiff appealed to this court.

*N. Hill, Jr.*, for the appellant.

*B. F. Cutting*, for the respondents.

A. S. JOHNSON, J. When this court gave judgment of reversal in this cause and ordered a new trial, in April,

1851 (4 *Comst.*, 514), a single question was presented for decision; and that was whether the plaintiff had made out, in evidence, a demand against Baker & Young arising upon judgment. The evidence upon which the plaintiff contended that he was entitled to succeed consisted of the record of a judgment, under the joint debtor act, against Baker & Young, obtained after service of process upon Young only, and without any appearance by Baker, coupled with proof showing that the cause of action described in the declaration in that suit was, as was therein alleged, one for which Baker & Young were jointly liable to the plaintiff. Upon this question the members of the court were divided in opinion. Judges Gardiner and Gray were of opinion that the plaintiff had made out his case. The other six judges were of opinion that the judgment ought to be reversed and a new trial had. Chief Justice Bronson and Mullett, and Jewett, Js., gave their opinions at large, as contained in the report of the case. Judges Paige, McCoun and Ruggles gave no written opinions, and nothing appears in the report of the case to indicate precisely the views which they entertained, except in so far as such an indication is afforded by their concurrence in the judgment rendered. Subsequently, as is stated in the able dissenting opinion of Bosworth, J., in the superior court, and as I assume the fact to be, Judge Paige, on being applied to to state the ground of his opinion, informed the parties " that in his opinion the judgment confessed by Young was not evidence of a demand against Baker, personally," but that he agreed with Judge Jewett in thinking that an action of debt on judgment might, in point of form, be maintained against both. Judge Ruggles, as we learn from the same source, thought that the decision should have been put upon the ground that the 2d section of the joint debtor act, so far as it makes the joint judgment evidence as against the defendant not served with process, was unconstitutional. As to the ground on which Judge McCoun pro-

ceeded, we have no further light than is to be derived from the reported case. In the absence of any evidence to the contrary, it must be assumed that judges who unite in a judgment, act upon the grounds stated by those judges whose reasons are assigned and with whom they agree in the judgment to be rendered.

The published opinions of Chief Justice Bronson and Judges Jewett and Mullett show that the common and sole reason upon which they proceeded was, that the judgment itself was no evidence of Baker's liability. This is stated in terms by Mr. Justice Bosworth, in his opinion annexed to the present case, as the result of his examination of their views, and is undoubtedly the just result to which any one who examines the opinions will come. As this was a common ground on which all the judges stood who gave written opinions, we should be bound, even in the absence of any special evidence of their views, to assume that the same ground was occupied by those judges who agreed with them in the judgment rendered. ( *Wells* v. *Steam Nav. Co.*, 2 *Comst.*, 208; *James* v. *Patten*, 2 *Scld.*, 15.) The same substantial ground, however, appears to have been taken by Judges Ruggles and Paige, as is apparent from what has been already stated in respect to their views. We have then this result, that five and probably six of the judges of this court agreed in the common position that the judgment was no evidence of Baker's liability, and that for this reason they agreed that the plaintiff had not made out in proof the position it was essential for him to establish, viz., that Baker was indebted to him upon a demand arising upon judgment. This proposition, indeed, was affirmed by the six judges who reversed the former judgment, for it was the precise point presented, and no ground has been suggested, nor am I able to conceive of any other than this upon which an opinion for the reversal of that judgment could have been founded. It is true that two of the judges, Chief Justice Bronson and Mullett, J., thought

Oakley *against* Aspinwall.

that the necessary consequence of their view, in respect to the force of the judgment as evidence of Baker's liability, was that no action of debt could be maintained upon the judgment; while judges Jewett and Paige did not think this a necessary consequence, but were of opinion that an action in form upon the judgment might be maintained by force of the statute, just as (if I may illustrate the view which I understand them to have entertained) counts in debt were often directed by statute in actions for recovering penalties, instead of counts formally averring the facts on which the liability to the penalty arose. Owing to this difference of views, it is undoubtedly true that the former judgment of this court does not decide either that an action of debt can or cannot be maintained upon such a judgment. and it is no less true that uncertainty upon a point of so frequent occurrence is greatly to be deplored on account of the practical evils which may flow from it; but I do not see, all this being conceded, how it diminishes the force of that which this court did decide, and which alone was necessarily before it for decision. Upon the subsequent trial of the cause, in the superior court, this same question was raised upon a motion for a nonsuit, and that court gave judgment of nonsuit upon the ground that the demand did not appear to have arisen upon a judgment. They gave this judgment, as the two learned judges who concurred in it state, not because they were satisfied that the former judgment of that court was wrong in principle, but because, upon appeal to this court, the precise point had been adjudged contrary to their former judgment. Can this court now say that the superior court erred in conforming their judgment to the judgment rendered in this court? We should, I think, be departing from our duty if we reconsidered the point decided by our former judgment. In a court constituted as this is, in which the greater number of its members are frequently changed, it is peculiarly necessary that a decision should not be departed from,

except upon the strongest and plainest grounds; were the point involved in this case entirely open for consideration, it is by no means clear that as wide differences of opinion would not now exist as existed when the former decision was made. Under these circumstances the judgment should be affirmed.

COMSTOCK, J. The condition of the bond on which this suit is brought is, in substance, that the defendants will pay the " amount justly due and owing by John W. Baker and John Young on account of any debt claimed and sworn to" by the plaintiff in his application for an attachment against the property of Baker & Young as non-resident debtors. (2 *R. S.*, 3, §§ 3, 4, 55.) The sworn application of the plaintiff, on procuring the attachment, set forth that he had a demand against Baker & Young of $22,492.89, arising upon a judgment against them rendered in the supreme court. On the trial, the plaintiff offered to introduce a record, showing that before he applied for the attachment he commenced an action of assumpsit against Baker & Young, as partners; that the process was served on Young alone; that Baker did not appear in the action; that Young gave a confession of the demand, and that judgment was rendered in form against both of the defendants, according to the statute concerning suits against joint debtors. The evidence was rejected, as was also the testimony offered to prove that Baker was in fact a partner of Young and jointly liable for the demand to recover which that suit was brought. The precise question, therefore, is, whether the evidence offered and rejected would establish a demand against them both, " arising on a judgment," that being the character of the debt sworn to in the application for the attachment. If it would, then the condition of the bond now sued upon is broken, otherwise it is not.

The question was decided in the plaintiff's favor, by the superior court of the city of New-York, after a former trial

and verdict. It was then brought to this court by appeal, and was twice argued and twice decided against the plaintiff; the first decision having been vacated, for reasons which are now of no importance. The cause has been tried again, and we are now asked to reverse the second judgment of the superior court, pronounced in exact accordance with the disposition of the case made in this court on the former occasion. This, I think, we cannot do.

It is urged in favor of a reversal that the judges of this court were not unanimous in pronouncing the former decision, and that those who concurred in the result were inharmonious in the reasoning which brought them to the same conclusion. However this may be, the precise question then passed upon was the very one now before us. There was but one point then before the court, and there is but one now, and that is whether the record offered in evidence, with proof of an original joint liability as partners, proved a demand against both Baker and Young " arising on a judgment." This court certainly held that it did not. The modes of reasoning among the judges may have been different, but their conclusion was united and single.

A case may easily be put in which a judgment would not be authority either in a subordinate court or in the one which pronounced it. If, for example, an appeal to this court involved distinct and separate defences to the action, such as usury and the statute of limitations, and five of the judges should concur in a reversal, two of them placing their decision on the one ground and three on the other, the judgment might be reversed, but nothing else would be decided. Such a determination of the appeal would be no authority, even in the same case. But such was not the character of the decision which we are asked to disregard. It was, on the contrary, the deliberate and careful judgment of our predecessors upon a single ground of defence, presenting, upon undisputed facts, but a single question of

law. To disregard the decision would be simply to over-rule it, and that I am not prepared to do.

It should be further observed, that while there was some diversity in the reasoning of the judges who concurred in the result on the former occasion, their opinions upon the actual questions involved were by no means repugnant or hostile to each other. Of the three which were written on the same side, two went to the extent of denying that an action of debt will lie upon a judgment such as the plaintiff offered in evidence. The other not only stopped short of that conclusion, but suggested an opposite one. They were all, however, agreed that the essential nature of the demand was not changed by such a judgment, as against the parties not served, and not being changed, that it could not be described and sworn to by an attaching creditor as "arising upon a judgment." That is also the question now, and we ought to follow the decision which has been made. I am the more satisfied to do so, as I am not prepared to say that it was wrong, although the subject is attended with serious difficulties.

The judgment should be affirmed.

HUBBARD, J., also delivered an opinion in favor of affirming the judgment.

All the judges concurred in affirming the judgment on the ground stated in the foregoing opinions.

Judgment accordingly.[1]

---

[1] *Furniss* v. *Ferguson*, 34 N. Y. 485. *Eaton* v. *Alger*, 47 Ibid. 345. *Justice* v. *Lang*, 52 Ibid. 823. *Worrall* v. *Munn*, 53 Ibid. 185.