[Civ. No. 7600.   Second Appellate District, Division One.—May 18, 1933.]

LEE B. MILBANK, Respondent, v. STANDARD MOTOR CONSTRUCTION COMPANY (a Corporation), Appellant.

Pacht, Pelton & Warne, Clore Warne and Pelton & Warne for Appellant.

Andrews & Andrews and E. H. Blanche for Respondent.

HENDERSON, J., *pro tem.*—This is an appeal by defendant, a New Jersey corporation, from a personal judgment rendered against it after default and subsequent to the denial of its motion made by special appearance to quash service of summons. The affidavit of service attached thereto recited that personal service had been made upon the defendant corporation "by serving Henry W. Runyon, Jr., its California business agent . . . " The motion of the defendant challenged the sufficiency of the service of the summons under section 411 of the Code of Civil Procedure, which then read: "The summons must be served by delivering a copy thereof as follows: . . . If suit is against a foreign corporation . . . doing business and having a man-

aging or business agent, cashier or secretary within this state: to such agent, cashier or secretary." Under this provision, to sustain the judgment it is requisite that the defendant corporation was doing business within the state and that Runyon was its managing or business agent at the time of the service. In considering the motion the court had before it the complaint, summons, notice of motion and the affidavits and counter-affidavits of the respective parties, which, although somewhat conflicting, showed the following facts: The appellant, Standard Motor Construction Company, a corporation, manufactured engines in New Jersey and was engaged in selling some of them to purchasers in this state. In February, 1929, plaintiff's agent entered into correspondence with defendant which resulted in a contract of purchase and sale for a Diesel engine. Unable to meet plaintiff's request for a May delivery, the company sent him an engine of similar type, which it had on exhibition in this state at a boat show. The engine, after being installed in plaintiff's boat, developed mechanical defects. The plaintiff made complaint thereof and shortly thereafter was notified by the president of the corporation that he was sending Runyon, a graduate engineer, as their representative "to aid and assist the customers in California with the maintenance and service of engines theretofore delivered in California". He was authorized to employ mechanics whenever necessary to do this work. Subsequent to his arrival, by an advertisement in the "Pacific Motor Boat," the public were urged to see their Pacific Coast representatives, who would tell "why you should have a Standard Diesel". Runyon's name and address were given in this advertisement. Runyon was not an officer or stockholder of the defendant corporation and was not authorized by the by-laws or rules and regulations or records of the company to sign and execute contracts. Pursuant to the instructions of the president of his company, in addition to his servicing engines, he had frequent conferences with plaintiff Milbank for the purpose of an adjustment of his company's difference with him respecting the engine's defects, and he promised to replace it with one of a later type. Being unable to settle the dispute with defendant to his satisfaction the plaintiff brought this action for breach of contract. Runyon, who received a regular salary, was still actively en-

gaged in the business of his company on April 18, 1930, when the summons was served on him.

The defendant first contends that the judgment is void because it is not so far engaged in doing business in this state as to be subject to the jurisdiction of its courts. The authorities, both state and federal, have found difficulty in laying down an all-embracing rule as to what constitutes "doing business", and many instances of irreconcilable conflict have arisen. It has been held by numerous cases, however, that in order for a foreign corporation to be doing business within the state it must transact here some substantial part of its ordinary business by its agents and officers selected for that purpose. (*Davenport* v. *Superior Court*, 183 Cal. 506 [191 Pac. 911]; *Walton N. Moore Dry Goods Co.* v. *Commercial Industrial Co.*, 276 Fed. 590, 594; *Knapp* v. *Bullock Tractor Co.*, 242 Fed. 543.) The phrase "doing of business" is equivalent to the words "transacting business" and has reference to a continuation in some form of business, but ordinarily does not apply where a corporation does only a single act of business within the state. (*General Conference of Free Baptists* v. *Berkey*, 156 Cal. 466 [105 Pac. 411].) There must be the carrying on of business to such an extent by the corporation as to manifest its presence in the state even though the transactions are entirely interstate in character. (*International Harvester Co.* v. *Kentucky*, 234 U. S. 579 [34 Sup. Ct. 944, 58 L. Ed. 1479, 1483].)

Directing our attention to the activities of defendant in this state, we are of the opinion that they were sufficient in character to constitute "doing business" for the purpose of the service of summons. The continuous endeavor to service the engines of customers in order to correct their mechanical defects and increase their efficiency was a substantial and important branch of its ordinary business. It is apparent that the maintenance of such a service does not logically fall within the category of a merely casual or incidental activity of defendant. (*Cone* v. *New Britain Machine Co.*, 20 Fed. (2d) 593, 595; *Beach* v. *Kerr Turbine Co.*, 243 Fed. 706.)

The defendant further maintains that the service of process was not made on a "managing" or "business agent". In the construction of this phrase there has also

been a pronounced conflict in the authorities both state and federal. But the meaning of the term in this state is no longer susceptible of subtle distinctions, if we are to follow the recent construction of the expression as used in said section 411 of the Code of Civil Procedure in *Roehl* v. *The Texas Co.*, 107 Cal. App. 691, 704 [291 Pac. 255, 260], as follows: "We hold the true rule to be . . . that 'every object of the service is obtained when the agent served is of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made' . . . Whether in any given case the agent in question, is a 'managing agent' within what we have decided the meaning of that expression to be, must depend on the particular facts involved. It is impracticable to lay down a more concrete test of general validity." Considering the testimony in relation to the rule just announced, we are of the opinion that the court was justified in making the finding that Runyon was the "managing" or "business agent" of the defendant corporation, and that the same should not be disturbed.

■ It is finally urged that Runyon lacked the specific authorization from the defendant corporation required by section 411 of the Code of Civil Procedure as construed in *Jameson* v. *Simonds Saw Co.*, 2 Cal. App. 582 [84 Pac. 289, 292], where it was said that the status of "managing" or "business agent" could not be created "by construction or implication, contrary to the intention of the parties".

But we are of the opinion that this language could never have been intended to extend to a situation similar to the one presented by the instant case. Such a rule would permit a foreign corporation to avoid the jurisdiction of the courts of this state by the mere denial of its agent's authority. The true rule is found in the case of *Connecticut Mutual Life Ins. Co.* v. *Spratley*, 172 U. S. 602 [19 Sup. Ct. 308, 313, 43 L. Ed. 569, 573], which reads as follows: "In such case it is not material that the officers of the company deny that the agent was expressly given such power, or assert that it was withheld from him. The question turns upon the character of the agent, whether he is such that the law will imply the power and impute the authority to him, and if he be that kind of an agent, the implication

will be made notwithstanding a denial of authority on the part of the other officers of the corporation.''

It follows that the judgment should be, and it hereby is, affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 17, 1933.