[Civ. No. 12652.   Second Appellate District, Division Two.—August 9, 1940.]

MILLS MUSIC, INC. (a Corporation), Petitioner, v. L. E. LAMPTON, County Clerk, etc., et al., Respondents.

Freedman, Christlieb & Briskin and Patrick H. Ford for Petitioner.

J. H. O'Connor, County Counsel, Douglas De Coster, Deputy County Counsel, and Harold D. Geffen for Respondents.

MOORE, P. J.—The respondent court having refused to quash service of a summons made upon a corporate defendant, petitioner herein, upon the ground that it was not doing business in this state, this court issued its alternative writ of prohibition to said court staying further proceedings. Said summons had been issued in an action instituted by Lois Goldberg and Selma Shelley against Mills Music, Inc., a foreign corporation, for damages arising from alleged plagiarism in California and for an accounting.

On the 21st day of March, 1940, summons and complaint in said action were served upon one Bernard Pollack as the agent of defendant; thereafter on March 27th said plaintiffs and defendant stipulated that defendant might ''have to and including the 13th day of April, 1940, to enter a plea on the above mentioned case''. April 5, 1940, pursuant to notice of motion theretofore served, said defendant moved the superior court for an order to quash said summons. Although nothing appears to show the ground of its motion, yet, from

the general context of the petition and exhibits, we must assume that the issue presented was as above stated. The notice stated that "said motion will be based upon this notice and upon the original summons on file herein and upon affidavits and *oral testimony* on behalf of the above named defendant, Mills Music, Inc.". Thereafter, on the 17th day of April, 1940, the defendant filed an affidavit requesting an order allowing it until May 7, 1940, within which to plead to the complaint. In the *interim* defendant filed its petition in this court.

The affidavit of petitioner's agent filed in the trial court contains the following:

"That I, Bernard Pollack, am a member of the professional staff of Mills Music, Inc., which is a New York corporation maintaining offices in the City of New York, State of New York.

"*That Mills Music, Inc. maintains a professional office at 1537 North Vine Street, Hollywood, California. That Mills Music, Inc. maintains no bank account in the State of California,* publishes no music within the State of California.

"That the sole purpose of maintaining a professional office with Bernard Pollack as manager within the City of Los Angeles, County of Los Angeles, State of California, is to enable Bernard Pollack to contact singers, bands and band leaders to the end that they might play Mills Music, Inc. copyrighted songs.

"That all the music of Mills Music, Inc. is published in the State of New York, sold in the State of New York, and all orders for the same are filled in the State of New York."

From the affidavit of one Geffen, plaintiffs' attorney, presented at the same time, it appears that for more than two years petitioner has maintained its said office in Hollywood, a part of Los Angeles, and that its general manager has actually solicited and accepted orders for products distributed by petitioner; that said Bernard Pollack is the general manager in charge of the Pacific Coast territory; that in said office petitioner has copies of music published by petitioner; that the copies are actually distributed to musicians as a part of the business of petitioner, and that orders for the sale of the copies are accepted at said office; that the general manager and other employees of said office have their residence in Los Angeles County; that a substantial portion of the busi-

ness of the company is actually carried on in said county and employees are maintained for the purpose of promoting the sale for profit of petitioner's music; that customers of petitioner in the State of California are actually contacted by the employees of petitioner.

Upon the facts above recited, respondent has raised a number of questions, in which it is contended that petitioner made a general appearance in the trial court, that the order to quash the summons is an appealable order, and that prohibition does not lie where the determination of the question of jurisdiction of the lower court depends upon a finding of fact by said court. However, in view of the conclusion that we have reached upon the question presented by petitioner, it will be unnecessary to discuss said points of respondent.

■ The question to be determined is whether or not petitioner was actually engaged in doing business in California in contemplation of section 405 of the Civil Code which defines transacting intrastate business as "entering into repeated and successive transactions of its business in this State, other than interstate or foreign commerce". While the affidavit on behalf of plaintiffs was based upon information and belief, these averments were, in substantial matters, corroborated by said Pollack's affidavit. The defendant (petitioner) declined the privilege offered by the court of refuting said averments with further proof. The petitioner is a foreign corporation. Acting upon the implied invitation arising out of comity between the states it opened and maintained a "professional office" in this state for the purpose of rendering a valuable service to itself. By reason of its activities, the manager of its said professional office was served with a summons and complaint which attempted to state a cause of action for plagiarism alleged to have been committed in this state. Although said Geffen's affidavit was based upon information and belief, it was in the main corroborated by said Pollack's affidavit. It appears that petitioner is conducting a substantial part of its business in California and that its employees in said office reside in this state. The court offered petitioner additional time within which to present further proof of its contention that it was not doing business in the State of California. It offered neither oral testimony nor affidavits as promised. In view of the contents of said Pollack's affidavit as well as that of Geffen, and of the offer made by

the trial court to allow additional time within which to present further proof, petitioner should not be relieved from the service made upon its said manager. If an affidavit founded on information and belief is sufficient to raise a factual issue (*In re Roth*, 3 Cal. App. (2d) 226 [39 Pac. (2d) 490]), surely such affidavit is sufficient when corroborated by such circumstances as those above outlined.

In the Roth case the court had under consideration the accusing affidavit upon which Roth had been committed for contempt. It was there held that since the petitioner had received a full and fair hearing and given a full opportunity to present his defense, a judgment of conviction could not be held to be void because some of the charges were made on information and belief. (*Ex parte Acock*, 84 Cal. 50 [23 Pac. 1029].) ▮▮▮ The trial court herein made a finding of the ultimate fact that the petitioner was doing business in the State of California. Under these circumstances the general rule that an appellate court will not interfere with a judgment based upon substantial evidence will prevail. ''To hold otherwise, and to reach a conclusion different in any respect from that reached by the trial court, would amount to nothing less than a new trial by this court on the facts, and a substitution of the conclusion by this court thereon for the conclusion with reference to such facts as found by the trial court''. (*Lumas Film Corp.* v. *Superior Court*, 89 Cal. App. 384, 386 [264 Pac. 792].) In the case of *Beaulieu Vineyard* v. *Superior Court*, 6 Cal. App. (2d) 242 [91 Pac. 1015] (cited in the Lumas case), it was held that the writ of prohibition lies to prevent a proceeding in excess of jurisdiction and does not lie to review the regularity of the proceedings of the trial court or to determine a question of error in the exercise of jurisdiction. The determination of a jurisdictional fact cannot be collaterally attacked in a proceeding for a writ of prohibition. (*Murphy* v. *Superior Court*, 84 Cal. 592 [24 Pac. 310].)

▮▮▮ Upon the matters averred by petitioner's affidavit, and in the absence of proof by it, plaintiff's affidavit together with the averments of said Pollack, were sufficient to warrant the finding by the trial court herein that petitioner was doing business in the State of California. It was within the power of petitioner to have presented specific proof, if available, negativing the Geffen affidavit both with reference to petitioner's contract with Pollack and the nature of the business transac-

tions had with its California customers. Under the circumstances, it was not incumbent upon the trial court to require plaintiffs to explore the books and files of petitioner in the State of New York to find evidence of the extent to which it had authorized its business to be transacted in California. Fair dealing on the part of a corporation, crossing the hospitable threshold of a sister state, obligates it to declare its purpose and to disclose the extent of its activities there. The usual course of a foreign corporation is to file its articles and to pay the filing fee and license tax appropriate to its authorized capital and to designate its agent for service of process. In event of such compliance with our laws arguments as to its presence are avoided. But oftentimes a corporation created within another jurisdiction, in good faith, sends its emissaries into another state to perform what it considers a limited service, not requiring a license. However, we cannot agree that a corporation that maintains an office here for two years to advertise its wares and to interview its patrons is performing such a limited service.

In the case of *Milbank* v. *Standard Motor Const. Co.,* 132 Cal. App. 67 [22 Pac. (2d) 271], a New Jersey corporation manufactured engines in that state and sold them to purchasers in California. Plaintiff purchased a Diesel engine from said corporation and after its delivery encountered mechanical defects. After complaint the company sent one Runyon, a graduate engineer, to aid and assist customers in California with the maintenance and service of engines theretofore delivered in this state. The engineer was authorized to employ mechanics to do the work. He advertised the virtues of the standard Diesel engine and requested the public to call upon him. He was neither officer nor stockholder in the corporation and was not authorized to execute contracts. He had frequent conferences with the plaintiff to adjust the differences with said corporation and promised to replace Milbank's engine with a later type. Their negotiations having failed, Milbank brought his action. Runyon was served with summons and it was held that his corporation was doing business in California. The court there said, at page 70: "The phrase 'doing of business' is equivalent to the words 'transacting business' and has reference to a continuation in some form of business. . . . There must be the carrying on of business to such an extent by the corporation as to manifest its presence in the

state even though the transactions are entirely *interstate* in character. . . . The continuous endeavor to service the engines of customers in order to correct their mechanical defects and increase their efficiency was a substantial and important branch of its ordinary business. It is apparent that the maintenance of such service does not logically fall within the category of a merely casual or incidental activity of defendant." Likewise, it may be said that the maintenance of an office by petitioner for the purpose of advertising its music and for the purpose of soliciting band masters to play its music is not an incidental activity of petitioner but is itself a part of the business of distributing the products which it produces in the State of New York.

While no complaint was made in the motion to quash or in any exhibit of the lack of capacity of said Pollack to be served as managing agent of petitioner, such complaint may be deduced inferentially from the petition. On the authority of the Milbank case, the service of summons upon the said Pollack as a managing agent of petitioner in California was a service in contemplation of section 411 of the Code of Civil Procedure. He and his predecessor had for two years managed the Pacific Coast office of petitioner, in Hollywood, and he rushed to the aid of petitioner in its endeavor to quash said service. In the case of *Roehl* v. *Texas Co.*, 107 Cal. App. 691, at 704 [291 Pac. 255]. the court said: "We hold the true rule to be . . . that 'every object of the service is obtained when the agent served is of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made'. . . . Whether in any given case the agent in question is a 'managing agent' within what we have decided the meaning of that expression to be, must depend on the particular facts involved. It is impracticable to lay down a more concrete test of general validity."

For the reasons given the alternative writ heretofore issued is discharged and the petition for a peremptory writ is denied.

McComb, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 5, 1940.