**EMERY v. ADAMS et al.**

No. 10911.

United States Court of Appeals
Sixth Circuit.

Feb. 3, 1950.

Erastus S. Allen, Cincinnati, Ohio (Erastus S. Allen, Cincinnati, Ohio, on the brief), for appellant.

Clarence J. Stewart, Dayton, Ohio (Harry W. Adams, Beloit, Wis., Clarence J. Stewart, Dayton, Ohio, on the brief), for appellees.

Before HICKS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

HICKS, Chief Judge.

This is an appeal from the decree of the district court dismissing the action upon motion of appellees.

The bill of complaint was filed on March 20, 1948, and the crux of it is, that plaintiff (appellant), herein called Emery, seeks an injunction restraining defendants (appellees), from suing or threatening to sue him for infringement of certain patents and for a decree declaring that the product called Korn Crax sold by him is not an infringement of the patents, and that the patents were invalid.

The Marshal made the following service of summons:

"I hereby certify and return that on the 24th day of March, 1948, I received the within summons at Cincinnati, Hamilton County, Ohio, and on the same day executed the same by serving a true and certified copy of the within Summons and related Bill of Complaint upon each of the parties below in the manner indicated.

"Harry W. Adams as individual, personally c/o Netherland Plaza Hotel, Cincinnati, Hamilton County, Ohio.

"Flakall Corporation by serving Harry W. Adams, President, personally, % Netherland Plaza Hotel, Cincinnati, Hamilton County, Ohio.

"Adams 'Corporation, Public Service Bldg., Beloit, Wisconsin, as unexecuted as not found in this district, Cincinnati, Hamilton County, Ohio."

In form the service followed Rule 4(7) of the Federal Rules of Civil Procedure, 28 U.S.C.A., in that it was in the manner prescribed by the law of the State of Ohio in which the service was made. Following the service, appellees, on April 13, 1948, filed the following motion, i. e.,—

"1. To dismiss the action or in lieu thereof to quash the return of service of summons on the grounds (a) that the Defendants, the Flakall Corporation and the Adams Corporation, were organized under the laws of Delaware with their principal place of business in Beloit, Wisconsin, and are not and were not subject to service of process within the Southern District of Ohio, and that the Defendant, Harry W. Adams, is a resident of Beloit, Wisconsin, and (b) that the Defendants have not been properly served with process in this action, all of which more clearly appears in the affidavit of Harry W. Adams hereto annexed as Exhibit A.

"2. To dismiss the action on the ground that it is in the wrong district because the Defendants are corporations incorporated under the laws of the state of Delaware and are not inhabitants thereof and are not doing business in the state of Ohio. * * *"

Six days later, on April 19, appellant amended his bill so as to rely, for relief, upon the provisions of "the 'Anti-Trust laws' of the United States, Title 15, Section 15 USCA, p. 214, and Title 15, Sections 1-27, inclusive [15 U.S.C.A. §§ 1–27, § 15]." After the amendment there was no reissuance of summons and it is admitted that no service of process of any character

was made upon the Adams Corporation and no question as to that corporation is before us.

In support of the motion to dismiss, appellees filed the affidavits of Harry W. Adams, and appellant filed, contra, the affidavits of Charles V. Pike and appellant Emery, and the joint affidavits of Emery and his wife. The affidavit of Pike is so inconsequential as to deserve no further consideration.

The complaint and the affidavits disclose that appellant had been engaged in Blanchester, Ohio, in cooking and selling a food product made from corn meal and called "collettes"; that up until July 29, 1947, he had been buying the collettes from appellee, herein called Flakall; that the collettes had been shipped in interstate commerce, upon his orders, in original packages by Flakall from Beloit, Wisconsin; that the business relations between Flakall and appellant were discontinued about July 29, 1947, because of Flakall's dissatisfaction with certain business methods of appellant. The last shipment of collettes, as were others, was made C.O.D.

There are allegations in the complaint that since the termination of their relations appellees, through their agents, were injuring appellant's business by threats of infringement suits against its customers and otherwise.

■ Our first question is, whether at the time of the service of process Flakall was doing business within the State of Ohio in such manner as to warrant an inference that it was present there. We find no basis for such an inference and we think it follows that appellee Flakall was not required to respond to appellant's action in that state and that the service of process upon Adams, its President, in the City of Cincinnati, was invalid. International Shoe Co. v. Washington, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057; James-Dickinson Farm Mortg. Co. et al. v. Harry, 273 U.S. 119, 120, 47 S.Ct. 308, 71 L.Ed. 569; Maxfield v. Canadian Pac. R. Co., 8 Cir., 70 F.2d 982.

The affidavit of Adams discloses that Flakall was a Delaware corporation; that its manufacturing plant and place of business was in Illinois; and that it was not engaged in business in Ohio; that it had never qualified to do business in that state, and never had any agents, salesmen, employees or representatives therein; that it maintained no offices, branches or distribution centers in Ohio; that it had never engaged in interstate commerce in Ohio except as shown by the sales of its product to appellant; that since the termination of the relationship between Flakall and appellant it had not even engaged in interstate commerce in Ohio. Adams' affidavit also discloses that when service of process was made upon him individually and as President of Flakall, in the City of Cincinnati, Ohio, he was there only temporarily and that he had no office or place of business there; that his home and place of business is in the City of Beloit, Wisconsin, and that he never had any other place of business anywhere; that he is not and never has been a resident of Ohio, and that at the time of service of process upon him he was not then doing any business either interstate or intrastate in Ohio as an individual or otherwise.

■ Further, as hereinbefore pointed out, the original action against appellees was for a declaratory judgment that appellees' patents were invalid, and that even if valid, appellant had not infringed them. It is clear enough that for such action the venue was not in the Southern District of Ohio where it was brought but in the district where the appellees were inhabitants. Webster Co. v. Society for Visual Education, 7 Cir., 83 F.2d 47, 49.

The district judge was right in dismissing the suit as to appellee Flakall.

■ Appellant insists that a different result should follow as to appellee Adams individually. As a general proposition this contention is unsound, for Adams, under Title 28 U.S.C.A. § 112 [revised § 1391], is suable in no other district than that whereof he is an inhabitant. However, appellant's point is, that the amendment to the complaint praying for relief under the antitrust laws gave the district court jurisdiction over the person of Adams because he

was found in the district. See Title 15 U.S. C.A. § 15, ch. 1. We very much doubt whether the amended complaint sets up any substantial cause of action under the antitrust laws, but even so, it is probably enough to say that Adams was not "found" in the district after the amendment was made, except constructively, for the purpose of contesting the venue. But, this to one side, it is manifest to us that Flakall was an indispensable party to appellant's action. Appellant could have no complete relief except as against it. Even if it were not an indispensable party, the court could proceed, in any event against Adams, individually, in its discretion, Rule 19, Federal Rules of Civil Procedure, 28 U.S.C.A., and it was no abuse of judicial discretion to decline to do so. The dismissal of the action against Adams, individually, was not erroneous.

Decree affirmed.