## WOODWORKERS TOOL WORKS v. BYRNE.

### No. 13236.

United States Court of Appeals
Ninth Circuit.

March 10, 1953.

Tripp & Calloway, Los Angeles, Cal., for appellant.

John W. Olson, Los Angeles, Cal., for appellee.

Before STEPHENS, HEALY, and POPE, Circuit Judges.

HEALY, Circuit Judge.

This action is for damages for personal injury sustained by appellee in consequence of the disintegration of an allegedly defective panel raiser head manufactured by appellant, an Illinois corporation, and shipped by it to appellee's employer in California, of which state appellee is a resident. A verdict awarding damages was returned and a judgment entered thereon.

On appeal from that judgment, Woodworkers Tool Works v. Byrne, 9 Cir., 191 F.2d 667, this court held with appellee on the merits. But a motion of appellant to quash the service of summons had been denied by the trial court, and we thought, 191 F.2d at pages 670–673, that the showing before the court at the time the motion was ruled on, going to the issue whether appellant had constituted one Preuer by law an agent in California to receive service of process on its behalf, was insufficient to warrant the denial. We noted, however, that during the course of the trial substantial oral evidence had been received tending to show the existence of the necessary agency relationship between appellant and Preuer, and we summarize this evidence, 191 F.2d at page 673; but it was further noted that the trial judge regarded the jurisdictional problem as having already been determined, hence had not taken the oral evidence into account except for such bearing as it might have on the merits.

We were of opinion that the issue of the validity of the service, inasmuch as it was one of due process, was open to further examination and that the evidence adduced on the trial might properly be considered as supplementing the original showing on that issue. We said, 191 F.2d at page 673, that "if there be added to the evidence which was before the court at the time of the denial of the motion to quash the service of the summons the evidence adduced at the trial, particularly that of Preuer hereinbefore referred to there might be a basis to sustain a conclusion that Woodworkers Tool Works had made Preuer its agent. This issue cannot be resolved without a finding thereon by the trier of fact and therefore upon remand it will be necessary

for the court below to make an appropriate finding upon the present record."

After consideration and disposition of the remaining issues the court made the following order: "To the end that the court below may determine the question of whether the evidence now in the record is sufficient to sustain Byrne's contention that Woodworkers Tool Works made Woodworkers Supply Company, viz., Preuer, its agent for the service of process in California, we vacate the judgment and remand the cause with the direction to the court below to proceed to determine that issue. If the court determines the evidence of agency to be sufficient it will possess the authority to reinstate the judgment."[1]

Neither party petitioned for a rehearing.

Upon remand the trial court on the existing record made appropriate findings of fact as shown in the footnote,[2] and concluded that at and prior to time of service appellant was doing business in California through Preuer as its agent, and had by law constituted him its agent in California to receive service of process in its behalf. The judgment was ordered reinstated.

■ From the reinstated judgment appellant has taken the present appeal, claiming that the evidence is insufficient to support the court's finding of agency. Is the point now open to inquiry? We think not. This court's original decision constitutes the law of the case. It clearly implied that on the evidence in the record the issue was one of fact for the trial court's determination, not one of law for ourselves. Had we deemed the evidence insufficient as a matter of law to support a finding of jurisdiction it would have been worse than an impertinence to remand the case for a finding. We would have been obliged to reverse the judgment outright. Nor, if we were in doubt whether on that evidence a finding of jurisdiction could be sustained by us, would we have thought it proper to undertake at that juncture the very considerable and perhaps wholly futile task of passing on the merits. Taking the opinion by its four corners we construe it as holding that the trial court's finding of fact was to be accepted as conclusive of the question of the validity of the service.

■ True, the rule we apply here is not a compulsive principle akin to res judicata. The phrase law of the case expresses rather the general practice of the courts to decline to reopen what they have already in effect decided. Messenger v. Anderson, 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152. Cf. People of State of Illinois ex rel. Hunt v. Illinois Central R. Co., 184 U.S. 77, 91, 22 S.Ct. 300, 46 L.Ed. 440. The rule is grounded in large part on the policy of ending litigation, and in some instances on the want of power in an appellate court to modify its own judgments otherwise than on a rehearing. And it has been pointedly observed that if the practice were not followed, changes in the personnel of the court would produce confusion. Clary v. Hoagland, 6 Cal. 685; Oakley v. Aspinwall, 13 N.Y. 500, 501. For a comprehensive statement of the doctrine

1. The formal judgment entered by our clerk followed explicitly this language, and directed also an equal division of the costs of the appeal.

2. "That Elmer Preuer is the sole proprietor of Woodworkers Supply Company; that defendant, Woodworkers Tool Works, a corporation, was engaged in selling its products in California through the agency of said Woodworkers Supply Company; that the panel raiser head involved in this action was sold to plaintiff's employer, Selby Company, in California by defendant through said Woodworkers Supply Company; that defendant had a running course of business every year and sold some of its items at all times in California through said Woodworkers Supply Company on a commission basis; that defendant's business of selling its products in California through the agency of said Woodworkers Supply Company was continuous and systematic; that said panel raiser head as well as other products of defendant sold in California were shipped by defendant company directly to the purchasers through orders received from Woodworkers Supply Company and paid for by purchasers through said Woodworkers Supply Company; that said Woodworkers Supply Company was the agent of defendant, Woodworkers Tool Works, as their identity of names implies."

and for citations of the almost numberless cases bearing on it, see 5 C.J.S., Appeal and Error, § 1821 et seq.; 21 C.J.S., Courts, § 195 et seq.

Application of the doctrine in this instance would result in no injustice or hardship since a trial on the merits has already been had.

Affirmed.