## FEDERAL SERVICES FINANCE CORP. v. BISHOP NAT. BANK OF HAWAII at HONOLULU.

### No. 13438.

United States Court of Appeals
Ninth Circuit.

June 8, 1953.

Rehearing Denied July 13, 1953.

William W. Saunders and Edward Z. Buck, Honolulu, Hawaii (Lewis, Buck & Saunders, Honolulu, Hawaii, of counsel), for appellant.

J. Russell Cades, Harold S. Wright, Honolulu, Hawaii (Smith, Wild, Beebe & Cades, Honolulu, Hawaii, of counsel), for appellee.

Before MATHEWS, HEALY, and ORR, Circuit Judges.

HEALY, Circuit Judge.

This case is before us for the second time. On the original appeal we vacated a judgment dismissing appellant's complaint entered on the motion of appellee Bishop National Bank, defendant below, and remanded the cause for further proceedings not inconsistent with our decision. 190 F.2d 442.

The suit is for the recovery by appellant of the amount of certain checks drawn by it on appellee Bank and paid by the latter to one Yee, an allegedly unauthorized person, out of appellant's account on deposit with the Bank. Yee was president of the Waipahu Auto Exchange, Limited, the payee named in the checks. The facts developed on the original trial, plus the by-laws of the Auto Exchange which we held improperly excluded, we thought to be such as to indicate that Yee had no apparent authority to cash the checks, and that he was without actual authority, express or implied, to cash them. Accordingly we held that appellant had made out a prima facie case necessitating judgment of recovery as against the Bank, but said that we could not know how the case would have appeared had the Bank put in its proof. Hence we remanded for the purpose of affording the Bank an opportunity to make such showing in defense as it might. What we have to say now can be understood only in light of the opinion handed down on the former appeal, and this should be consulted for a fuller under-

standing of the facts and the views we entertained as regards their significance.

On the second trial the corporate by-laws formerly excluded were admitted, and the Bank made its defensive showing. The court found that Yee had actual implied authority to cash checks drawn in favor of the corporation of which he was president, and accordingly judgment was again given in favor of the Bank.[1] The question presently before us is whether the Bank's showing is sufficient to sustain the finding as to Yee's implied authority. We are constrained to hold that it is not.

The present record is more voluminous than the first, but otherwise the same picture of payment to an unauthorized person emerges. On remand the Bank called as its principal witness one Yokono, the treasurer of the Waipahu Auto Exchange, who had testified on the first trial as a witness for appellant. The testimony elicited from Yokono differed in no material respect from that given on the original hearing. We summarized that evidence and our conclusions in respect of it in the paragraph of our former opinion found on pages 443-444 of 190 F.2d. It is needless to repeat what we said there. Neither in Yokono's testimony nor elsewhere in the present record is there evidence of substance that Yee had actual authority, express or implied, to cash checks payable to his company. The finding that he had is simply not supported.

The argument here on the part of the Bank again took a very wide range, most of it bearing on points already settled by our opinion on the former appeal. It should be understood that that opinion constitutes the law of the case, and we adhere to it. Cf. Woodworkers Tool Works v. Byrne, 9 Cir., 202 F.2d 530.

In one particular only is there evidence of benefit to the Bank. This relates to a sum of $1,375 paid to Yee by the Bank and charged to appellant's account. The amount appears to have been applied by Yee to the use of the Auto Exchange Company, and the Bank is entitled to be credited with the amount. As for the remaining amounts paid to Yee by the Bank out of the account of appellant the latter is entitled to judgment.

The judgment of the district court is accordingly reversed with directions to enter judgment for appellant in conformity with this opinion.

1. There was a finding also of apparent authority, but it is based on premises which we rejected on the first appeal.