William R. LE VECKE and Reed LeVecke, Appellants,

v.

GRIESEDIECK WESTERN BREWERY CO., a corporation, and Carling Brewing Co., a corporation, Appellees.

No. 14816.

United States Court of Appeals Ninth Circuit.

May 22, 1956.

Thomas A. Wood, Larwill & Wolfe, George R. Larwill, Charles W. Wolfe, Los Angeles, Cal., for appellants.

Sheppard, Mullin, Richter, Balthis & Hampton, James C. Sheppard, Los Angeles, Cal., for appellees.

Before STEPHENS, ORR and CHAMBERS, Circuit Judges.

ORR, Circuit Judge.

Appellants seek review of a holding by the district court that appellees, two foreign corporations, were not "transacting intrastate business" in California, within the meaning of the law of California [1] and the limitations of due process of law, sufficient to subject them to service of process in California.

Appellants, citizens of California, commenced this action in the California Superior Court in and for the County of Los Angeles, effecting service of process on each of the defendants, appellees, by service on the Secretary of State.[2] Appellees removed the action to the federal district court and then respectively moved that court to set aside, vacate, and quash service of summons and complaint or alternatively to dismiss the action as to each defendant. Each motion was accompanied by supporting affidavits and in each case appellants filed counter-affidavits. On May 12, 1955 the district court granted the motions.

The complaint purports to allege a cause of action against appellee Griesedieck Western Brewery Co., hereafter Griesedieck Co., for breach of an oral contract entered into between the said Griesedieck Co. and appellants, doing business as The LeVecke Company, a partnership, pursuant to which the latter agreed to act and did act as local distributor for Griesedieck Co.'s beer products. The Carling Brewing Co., hereafter Carling Co., was joined as co-defendant for alleged unlawful interference with the Griesedieck-LeVecke contract.

---

1. See Calif.Corp.Code, §§ 6200–6804. References to Calif.Corp.Code are to West's Annotated Calif.Codes, Calif.Corp.Code, 1955.

2. See Calif.Corp.Code, § 6501.

We have examined the pleadings and affidavits and conclude that appellee Griesedieck Co. was not "transacting intrastate business" in California within the meaning of § 6203, Calif.Corp.Code, and the limitations of due process of law and was, therefore, not subject to service of process in that state, but that Carling Co. was so engaged and so subject.[3]

Appellee Griesedieck Co. supported its motion with affidavits of four of its corporate officers. From these it appears without contradiction that Griesedieck Co. is an Illinois corporation and is licensed to do business in Missouri. During the period relevant here Griesedieck Co. engaged in the manufacture and sale of beer and operated breweries and offices in Belleville, Ill. and St. Louis, Mo. On November 1, 1954 Griesedieck Co. sold to appellee Carling Co. all of its brewing assets, equipment, real estate, plants and inventory and has not since engaged in the brewing business.[4] Griesedieck Co. did not register with the State of California as a foreign corporation conducting business in that state.[5]

During the period of its brewing operations Griesedieck Co.'s beers were labeled "Stag" and "Hyde Park." Its sales in California were confined to two customers, viz. appellants, doing business as The LeVecke Company, and a company known as the Drexel Distributing Co. These companies were independently owned and operated and purchased beer from Griesedieck Co. for resale, orders being accepted by Griesedieck Co. at its Belleville and St. Louis plants from which shipments were made f. o. b. said plants by common carrier. Purchases by appellants were on their own account. Griesedieck Co. at no time maintained an office or place of business in California; did not own or lease real estate in California; did not own inventory or maintain a warehouse in California;

had no salesmen in California; did not advertise; had no authorized telephone listing and did not pay taxes therein. It held no California licenses, nor did it apply for any. It had no employees; did not maintain a bank account; did not lend money; did not ship on consignment to California. Further, Griesedieck did not require appellants to keep any records, collect any data or file any reports.

The affidavits filed by appellants, stripped of conclusions of law, disclose that one Edward D. Jones, as president of Griesedieck Co., made four annual trips to California on which visits Mr. Jones accompanied appellants to the stores of many of appellants' customers. On these visits Mr. Jones praised the Griesedieck Co. products, suggested sales techniques to the retailers, sought to build confidence in the solvency of the Griesedieck Company, thanked the managers for handling the Griesedieck line and referred on occasion to appellants as Griesedieck Co.'s representatives. In addition Mr. Jones wrote letters to various retailers thanking them for handling the Griesedieck products and generally seeking to promote business.

Appellants' affidavits further disclose that Griesedieck supplied The LeVecke Company with letterheads, envelopes, business cards and point of purchase advertising materials of Griesedieck Co. Griesedieck Co., it is stated, controlled appellants' resale prices. It paid appellants a commission based on sales by Griesedieck to the Drexel Distributing Company, which was a subsidiary of Safeway Stores, whose account appellants had obtained for Griesedieck Co. In connection with the Drexel account appellants aver they had authority from Griesedieck Co. to settle disputes between the latter and purchasers of Griesedieck beer.

Appellants point to the trend in recent years to liberalize the requirements nec-

3. There has been no objection to the form of the service upon the Secretary of State.

4. Cf. Cal.Corp.Code, § 6504 respecting service of process on corporations which have ceased to do business in California.

5. See requirements of Cal.Corp.Code, § 6403.

essary to subject foreign corporations to local service of process based on business activities within the state of service. In this connection the Supreme Court of the United States in the case of International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement, 1945, 326 U.S. 310, 319, 66 S.Ct. 154, 159, 90 L.Ed. 95, said:

> " * * * The test is not merely, as has sometimes been suggested, whether the activity, which the corporation has seen fit to procure through its agents in another state, is a little more or a little less. * * * Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure."

The more liberal concept of "doing business" adopted by the Supreme Court in the International Shoe case for purposes of measuring the requirements of due process has been incorporated into the law of California by the courts of that state as a measure of the breadth of its statutory requirements, see Jeter v. Austin Trailer Equipment Co., 122 Cal.App. 2d 376, 265 P.2d 130, Kneeland v. Ethicon Suture Laboratories, Inc., 118 Cal.App. 2d 211, 257 P.2d 727, and Note, Suing Foreign Corporations in California, 5 Stan.L.Rev. 503, 504 (1953).

■ Numerous decisions of the California courts have been cited to us by appellants wherein foreign corporations have been held to be "transacting intrastate business" in that state within the intent of its statute. Each case, of course, turns on its peculiar facts, West Publishing Co. v. Superior Court, 20 Cal. 2d 720, 128 P.2d 777. In each of the numerous cases cited to us by appellants elements not here present existed and were looked to by the court in its consideration. Thus, in West Publishing Co. v. Superior Court, supra, the foreign cor-

poration had full time agents in California, rented office space there and had merchandise on display. In Koninklijke Luchtvaart Maatschappij v. Superior Court, 107 Cal.App.2d 495, 237 P.2d 297, the foreign corporation had an office in the state with employees engaged in solicitation of business. In Jeter v. Austin Trailer Equipment Co., supra, the local distributor operated on a commission basis and the foreign corporation had inventory in the state. In Sales Affiliates v. Superior Court, 96 Cal.App.2d 134, 214 P.2d 541, agents of the foreign corporation were engaged in soliciting business in California. In Fielding v. Superior Court, 111 Cal.App.2d 490, 244 P.2d 968, the local distributor was required to make periodic reports to the foreign corporation which, in addition, kept title to goods warehoused in California until such goods were sold by the distributor. In Kneeland v. Ethicon Suture Laboratories, Inc., supra, the foreign corporation had six permanent employees in the state engaged in sales promotional activities. In Thew Shovel Co. v. Superior Court, 35 Cal.App.2d 183, 95 P.2d 149, the distributor operated on a consignment basis. The opinions in some of these cases express the requirements sufficient to warrant a finding of "transacting intrastate business" in very liberal terms.

Postponing for the time being discussion of problems raised by the miscellaneous activities detailed in appellants' counter-affidavits it is clear that the mere fact of substantial sales by an out of state manufacturer to a local distributor do not constitute "transacting intrastate business" within the intent of the California statute as construed by California courts. Such is the holding of the recent case of Martin Bros. Electric Co. v. Superior Court, 121 Cal.App 2d 790, 264 P.2d 183, and see Estwing Mfg. Co. v. Superior Court, 128 Cal.App. 2d 259, 275 P.2d 146.[6] The Supreme Court of California in its most recent pronouncement on the scope of the re-

---

6. The general rule is said to be in accord in 23 Am.Jur. § 376.

quirement in West Publishing Co. v. Superior Court, supra, 20 Cal.2d at page 728, 128 P.2d at page 781, stated that:

" * * * it is not *any* activity of a corporation in a state other than that of its residence which will justify the conclusion that it is 'doing business' there, so as to make it amenable to process there * * * the business must be of such a nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction, and is by its duly authorized officers or agents present within the state or district where service is attempted."

■ A contrary rule, moreover, would raise grave questions of due process of law. Notwithstanding the reexamination of the requisites of due process in this area of the law which the Supreme Court of the United States has undertaken in such cases as International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement, supra; Perkins v. Benguet Consol. Min. Co., 1952, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485, and Travelers Health Association v. Com. of Virginia ex rel. State Corp. Comm., 1950, 339 U.S. 643, 70 S.Ct. 927, 94 L.Ed. 1154, the leading case of Cannon Manufacturing Co. v. Cudahy Packing Co., 1925, 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (a case in which the local contacts of the foreign manufacturing corporation far exceeded those in the instant case) has not been overruled and, more significantly, has recently been cited and followed, see Harris v. Deere & Co., 4 Cir., 1955, 223 F.2d 161, and Emery v. Adams, 6 Cir., 1950, 179 F.2d 586.[7] Mere substantial sales by a foreign corporation to a local distributor does not subject the manufacturer foreign corporation to local service of process either as a matter of California law or as a matter of due process.

■ Appellants stress the importance of the visits of Edward Jones, president of Griesedieck Co., to California. These visits, appellants argue, constituted solicitation of business in California and subject Griesedieck Co. to the jurisdiction of the local courts under the authority of Jeter v. Austin Trailer Equipment Co., supra, and International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement, supra. We think not. The affidavit filed by Mr. Jones states, and it is not denied, that:

"The various business calls described in the affidavit of Mr. William LeVecke, on each of my trips to California, were made at the request of Mr. LeVecke and as a means of promoting good will with his customers. During said visits I did not at any time make any sales of beer in California on behalf of Griesedieck Western Brewery Company nor did I solicit orders for Griesedieck Western Brewery Co. * * * "

Sporadic and transient sales promotional activities of a corporate officer such as occurred here do not constitute the conducting of intrastate business. In any event, the solicitation of orders can only be sufficient to meet the requirements of "doing business" where there is a continuing and substantial course of business, Jeter v. Austin Trailer Equipment Co., supra, International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement, supra.

**7.** See also Favell-Utley Realty Co. v. Harbor Plywood Corp., D.C.N.D.Cal.1950, 94 F.Supp. 96.

The decision of this court allowing service of process in California in the case of Woodworkers Tool Works v. Byrne, 9 Cir., 1951, 191 F.2d 667, and see 9 Cir., 202 F.2d 530, is distinguishable. There, as we emphasized, 191 F.2d at page 673, the local distributor operated on a commission basis; shipments were made by the manufacturer direct to the distributor's customers. The Woodworkers case was a diversity case and it was therefore unnecessary to consider there the scope of the California doctrine. The court so assumed and see Note, Jurisdiction of Federal Courts over Foreign Corporations, 69 Harv.L.Rev. 508, 519–524.

Section 6203 of the California Corp. Code defines " 'transact intrastate business' " as follows:

" 'Transact intrastate business' means entering into repeated and successive transactions of its business in that state, other than interstate or foreign commerce."

See also McMillan Process Co. v. Brown, 33 Cal.App.2d 279, 91 P.2d 613.

■ Various other matters and incidents are related in appellants' affidavits, see summary supra. It is, however, inevitable that where there exists a protracted course of business dealings between two companies a conscientious affiant will always be able to point to numerous examples of dealings outside the narrow buyer-seller relationship. Thus, in the case of Estwing Mfg. Co. v. Superior Court, supra, as the dissenting opinion notes, the foreign manufacturer furnished its local distributors with free advertising materials and window displays and had a practice of making adjustments, in cases of defective merchandise, directly with its distributors' customers. Yet, the court held that the foreign corporation was not "transacting intrastate business in California. The order of the trial court quashing service as to appellee Griesedieck Co. was proper.

The situation respecting appellee Carling Co. requires a different result. Carling Co., a Virginia corporation with its principal plant and offices in Cleveland, Ohio, is a beer manufacturer and, in California, sells only to independent distributors. As we have noted, on November 1, 1954, Carling Co. purchased the plant and equipment of appellee Griesedieck Co. Unlike the latter, however, appellee Carling Co. admits that it maintains an office in California at 6399 Wilshire Blvd., Los Angeles; that the office is managed by a Mr. K. W. Burrie who is "west coast regional representative of Carling Brewing Company * * *"

that said "Burrie has working under his direction in California and on the west coast six field representatives of Carling Brewing Company, four of whom spend substantial amounts of their time in the interests of Carling Brewing Company within the State of California."

The work of the said field representatives consists of making calls on distributors; examining records kept by such distributors in accordance with a system suggested by Carling Co.; supplying advertising material to the distributors; making recommendations on various matters and accompanying the distributors on visits to customers to assist in sales promotional work.

■ The situation here presented as regards Carling Co. is analogous to that considered sufficient to warrant the conclusion of "transacting intrastate business" in the case of Kneeland v. Ethicon Suture Laboratories, Inc., 118 Cal.App. 2d 211, 257 P.2d 727.[8] There, as here, the defendant foreign corporation maintained a permanent staff in California which engaged in sales promotional work. In the light of the holding of the Supreme Court of the United States in Perkins v. Benguet Consol. Min. Co., 1952, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 [9] we think the local activities conducted by appellee Carling Co. in California are clearly sufficiently substantial to compel the conclusion that it is "transacting intrastate business" there.

■ Appellee Carling Co. argues that the cause of action set out in the present complaint is unrelated to its business activities in California and contends that therefore such activities may not subject it to service of process in the instant case. There is, however, no requirement of such a relationship either as a matter of California law, Koninklijke Luchtvaart Maatschappij v. Superior Court, supra, or as a matter of federal due process, Perkins v. Benguet

8. See also Mills Music, Inc., v. Lampton, 1940, 40 Cal.App.2d 354, 104 P.2d 893, and Milbank v. Standard Motor Const. Co., 132 Cal.App. 67, 22 P.2d 271.

9. See also Dufek v. Roux Distributing Co., D.C.S.D.N.Y.1954, 125 F.Supp. 716.

Consol. Min. Co., supra, where, as with Carling, local activities are continuing and substantial. The order quashing service of summons and complaint as to Carling was incorrect.

· The order quashing service of summons and complaint as to appellee Griesedieck Co. is affirmed and the order quashing the service of summons and complaint as to Carling Co. is reversed.